**Margo SEAMAN, on behalf of herself and all others similarly situated,**
**Plaintiff,**

v.

**SPRING LAKE PARK INDEPENDENT SCHOOL DISTRICT NO. 16 et al.,**
**Defendants.**

**No. 4–73–Civ. 23.**

United States District Court,
D. Minnesota,
Fourth Division.

Jan. 22, 1973.

Ellen Dresselhuis, Minneapolis, Minn., for plaintiff.

Joseph E. Flynn, Peterson & Popovich, St. Paul, Minn., for defendants.

## MEMORANDUM ORDER AND RULE 52 FINDINGS

LARSON, District Judge.

The plaintiff has filed a complaint seeking preliminary and permanent injunctive relief for herself and for that class she claims to represent, as well as declaratory relief which would curtail future actions of defendants. Due to the nature of plaintiff's request, relief, to be effective, must be granted immediately. Consequently the Court at this time will deal only with that part of the motion pertaining to preliminary injunctive relief.

The facts are undisputed. Plaintiff is an elementary teacher at Park Terrace School in the defendant Spring Lake Park School District. She is a member of an experimental team-teaching unit which has been operating at Park Terrace for two and one-half years. The teamed teachers are jointly responsible for the education of a large group of 9, 10, and 11 year olds, some of whom have been under plaintiff's guidance for one and one-half years. It is acknowledged by all concerned that plaintiff is a capable component in an experimental team of elementary teachers. Because plaintiff is now seven months pregnant, defendant members of the Board of Directors of the school district have "granted" her a semester maternity leave, effective January 20, 1973. This action was taken despite plaintiff's repeated request that she be allowed to teach until her confinement (some time after March 15) and to return to her position three weeks after giving birth. Plaintiff alleges that she and all others similarly situated are being denied the equal protection of the law and due process guaranteed by the Fourteenth Amendment and the right to privacy in their marital and family affairs. This action is brought under the Civil Rights Act, 42 U.S.C. § 1983; this Court has jurisdiction pursuant to 28 U.S.C. § 1343(3) and (4).

Preliminary injunctive relief involves a balancing of the equities on the knowledge at hand, pending full exploration of the factual details and/or further development of legal theories by the parties. Considerations include the plaintiff's eventual likelihood of success on the merits, whether or not plaintiff will be irreparably damaged if the Court does not grant the relief sought, the extent of injury to the defendant if the injunction issues, and the public interest. Cox v. Northwest Airlines, 319 F.Supp. 92, 95–96 (D.Minn.1970). (1) The permissibility of forced maternity leaves under the Equal Protection clause of the Fourteenth Amendment is an unresolved issue. Compare Cohen v. Chesterfield County School Board, 474 F.2d 395 (4th Cir. 1973) (upholding forced maternity leave regulation), with LaFleur v. Cleveland Board of Education, 465 F.2d 1184 (6th Cir. 1972) (holding similar regulation invalid). See also Schattman v. Texas Employment Commission, 459 F. 2d 32 (5th Cir. 1972), cert. denied, 409 U.S. 1107, 93 S.Ct. 901, 34 L.Ed.2d 688 (1973) (holding against the terminated school teacher). But see Williams v. San Francisco Unified School District, 340 F.Supp. 438 (N.D.Cal.1972) (holding the regulation invalid, distinguishing Schattman on jurisdictional grounds). In view of this uncertainty, it cannot be said that plaintiff's prospect of prevailing on the merits here is improbable. (2) Plaintiff's affidavit and those of her obstetricians indicate that she is in good health, and that her absence from school will in all probability be limited to three weeks. Under these circumstances, a forced leave of a semester's duration would impose on plaintiff loss of income and accrued benefits, separation from the team teaching situation through which she was advancing her career, and possibly loss of her annual pay increment. Additionally, the affidavit of the principal of Park Terrace School indicates that the children in

the school and the teaching team itself will be detrimentally affected by a prolonged absence of the plaintiff. The harm to children and teacher alike is thus of such a nature that it could not be repaired by any future monetary reimbursement. (3) Defendant is not harmed by plaintiff's continuing presence in the school system. If plaintiff prevails on the merits eventually, her continuing presence now will prevent the unnecessary hiring and termination of a substitute teacher. If defendant later prevails, neither the school board nor the children will have suffered by plaintiff's temporary continuing presence, for no substitute teacher could immediately achieve the team rapport and student affection apparently enjoyed by plaintiff at this time. (4) The public interest lies in nondisruptive education for the children at Park Terrace School, the physical and mental well-being of plaintiff, and the enforcement of constitutional equality for those denied its protection. The Court feels that these objectives are all fostered by the issuance of this injunction.

■ Defendant contends that this is a matter of State contract law, an area where the Federal judiciary should stay its hand in favor of local tribunals. However, it is not clear to this Court whether the defendants are acting pursuant to or in violation of some State law, or in the absence of any law on the subject of maternity. They are obviously not following the School District's "maternity policy," which calls for termination of pregnant teachers after the fifth month of pregnancy without guarantee of reinstatement. Whether or not their actions fall within the State statute governing temporary disability of teachers is also unclear. This statute calls for temporary leaves of absence, with the teacher's consent and documented medical evidence. M.S.A. § 125.-12, subd. 7. What is clear to the Court is that a continuing contract teacher is being forced to take a semester's leave of absence contrary to her wishes, to the medical affidavits in evidence, and to the benefit of her students and fellow teachers as viewed by the principal at her school. The only apparent reason therefor is an unalterable biological sex-related function which does not impair her ability to teach. Given the duration of the forced leave and the absence of justification therefor, the Court finds it necessary to enjoin the school district, its chief administrative officer, and the members of its board of directors from putting plaintiff on a leave of absence at this time.

It is so ordered.