Marie **MANHART** et al., Plaintiffs,

v.

**CITY OF LOS ANGELES, DEPARTMENT OF WATER AND POWER, a body corporate and politic, et al., Defendants.**

**Civ. No. 73–2272–HP.**

United States District Court,
C. D. California.

Jan. 15, 1975.

Katherine Stoll Burns, Los Angeles, Cal., for individual plaintiffs and Committee to Protect Women's Retirement Benefits.

Robert M. Dohrmann, Michael Evan Gold, Schwartz, Steinsapir & Dohrmann, Los Angeles, Cal., for Plaintiff, International Brotherhood of Electrical Workers, Local Union No. 18.

Burt Pines, City Atty., Edward C. Farrell, Chief Asst. City Atty., Madeleine I. Flier, Gilbert W. Lee, Deputy City Attys.; Los Angeles, Cal., for defendants.

MEMORANDUM AND ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

PREGERSON, District Judge.

This matter arises upon a motion for preliminary injunction. Plaintiffs, Marie Manhart, Carolyn Mayshack, and other employees of the Los Angeles Department of Water and Power initiated this action against the Los Angeles Department of Water and Power because female employees of the Department are required to make larger monthly contributions than their male counterparts in

order to receive the same monthly retirement benefits as these male employees. In plaintiffs' view, this practice violates § 703 of the Equal Employment Opportunity Act of 1972, 42 U.S.C.A. § 2000e–2 (West 1974). According to defendants, however, this differentiation between male and female employees is justified by actuarial tables which indicate that women as a class tend to live longer than men and that therefore female employees are likely to receive retirement benefits for a longer duration than their male counterparts. In short, defendants argue that women should pay more to get more.

■ In order to issue a preliminary injunction, the court must make the following determinations: (1) that plaintiffs are likely to prevail on the merits, (2) that plaintiffs will suffer irreparable harm without preliminary relief, (3) that defendants will not be unduly injured by the injunction, and (4) that an injunction promotes the public interest. Seamen v. Spring Lake Park Independent School District No. 16, 363 F.Supp. 944, 945 (D.Minn.1973); United States v. Local 638, 337 F.Supp. 217, 220 (S.D. N.Y.1972). See King v. Saddleback Junior College Dist., 425 F.2d 426 (9th Cir. 1970).

■ The major question on this motion is whether plaintiffs have a reasonable likelihood of success on the merits. To make this determination, the court must decide whether the Department's practice of requiring women to make larger monthly contributions to the retirement plan than men constitutes "[discrimination] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . " within the meaning of § 703(a)(1) of the Equal Employment Opportunity Act of 1972. 42 U.S.C.A. § 2000e–2(a)(1) (West 1974).

Several sources of authority support the conclusion that the Department's practice in question here constitutes sexual discrimination under § 703(a)(1). Initially, it should be pointed out that this section applies to retirement plans. Bartmess v. Drewrys USA, Inc., 444 F.2d 1186 (7th Cir. 1971); Rosen v. Public Service Electric & Gas Co., 477 F.2d 90 (3d Cir. 1973). Moreover, current regulations of the Equal Employment Opportunity Commission (EEOC) issued under the authority of § 713 of the Act, 42 U.S.C.A. § 2000e–12 (West 1974), not only suggest that § 703(a)(1) applies in this case, but also indicate that the Department's practice gives rise to sexual discrimination. According to these current regulations, "it shall not be a defense under Title VII to a charge of sex discrimination in benefits that the cost of such benefits is greater with respect to one sex than the other," 29 C.F.R. § 1604.9(e), and "it shall be an unlawful employment practice for an employer to have a pension or retirement plan . . . which differentiates in benefits on the basis of sex." 29 C.F.R. § 1604.9(f).

The EEOC has recently applied these standards to an analogous case in which retired female employees received lower monthly payments under their annuities than their male counterparts. Decision No. 74–118, CCH EEOC Decisions ¶ 6431 (Employment Practices Guide, 1974). Under the facts of that case, female employees had contributed the same amounts for the annuity benefits as male employees. In rejecting the argument that equalization of monthly payments would discriminate against males, who, as a class, would receive less because they tend to die sooner, and in favor of females, who would receive more because they generally die later, the EEOC stated:

A argues that equal payments to female retirees would in fact discriminate in their favor because females, statistically, live longer than men. The logic of this argument is that usually used to support discrimination: an appeal to the average characteristics of a particular sex, race, or

other group protected under Title VII. But no person knows when he or she will die.

\* \* \* \* \* \*

Thus we think that A's argument misses the point. All that A's sex-segregated actuarial tables purport to predict is risk spread over a large number of people; the tables do not predict the length of any particular individual's life.

In our view, any use of sex-segregated actuarial table that results in payment of different periodic pension benefits to males and females is highly suspect. Because actuarial tables do not predict the length of any individual's life, any claim that such tables may be used to assure equal pension payments over a lifetime between males and females must fail. In order to achieve compliance with Section 703(a) of Title VII and with the Commission's Guidelines on Discrimination Because of Sex the periodic pension benefits paid to males and females in equivalent circumstances must be equal. Moreover, it would not be a defense to Charging Party's charge that equalizing males' and females' periodic pension benefits would result in higher costs to Respondents if indeed this were shown to be a fact. Guidelines on Discrimination Because of Sex, 29 CFR Sec. 1604.9(3). See, also, Taylor v. Goodyear Tire & Rubber Co., 5 EPD Para. 8545, 6 FEP Cases 50 (N.D.Ala., 1972).

(Footnotes omitted.) EEOC Decision 74–118, pp. 3–5.

As plaintiffs correctly point out, the only difference between the facts of EEOC Decision 74–118 and the facts of the case at bar is that instead of taking equal contributions from both sexes and supplying lower benefits to females, the defendants in the present action take more contributions from females and supply equal benefits to both sexes. In either case, the reason for this differential treatment is the actuarial fact of female longevity which, in effect, involves the application of characteristics that may be true of a class of people to individuals within the class for which the characterization may or may not be true. Therefore, EEOC Decision 74–118 is directly applicable to the present case, and dictates a finding of sexual discrimination here. As such, it is entitled to great deference in this court. Griggs v. Duke Power Co., 401 U.S. 424, 433–434, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971).

The conclusion that the defendants' differential treatment of female employees violates § 703(a)(1) is supported by a recent Harvard Law Review comment, Employment Discrimination and Title VII of the Civil Rights Act of 1964, 84 Harv.L.Rev. 1109, 1172–1176 (1971). In its discussion of discrimination based on statistical differences and life insurance benefit programs, the comment takes the position that employers must provide the same life insurance benefits to male and female employees even though employers must pay higher premiums for males than for females due to actuarial female longevity. The comment reaches this conclusion because "Title VII, in the field of employment, requires evaluation on an individual basis rather than a prediction made on the basis of a sex-defined group," and because "Title VII focuses on presenting each employee in an individual light, free from conclusions that may be drawn from the individual's membership in one sex or the other." 84 Harv.L.Rev. at 1174.

The basic principle which emerges from these authorities and from the case law is that sexual discrimination under § 703(a)(1) exists whenever general fact characteristics of a sex-defined class are automatically applied to an individual within that class. See Phillips v. Martin Marietta Corp., 400 U.S. 542, 91 S.Ct. 496, 27 L.Ed.2d 613 (1971); Rosenfeld v. Southern Pacific Co., 444 F.2d 1219 (9th Cir. 1971); Sprogis v. United Air Lines, 444 F.2d 1194 (7th Cir. 1971); Willingham v. Macon Telegraph Publishing Co., 482 F.2d 535 (5th Cir. 1973). In passing Title VII, Congress

established a policy that each person must be treated as an individual and not on the basis of characteristics generally, and often falsely, attributed to any racial, religious, or sex group. See Rosenfeld v. Southern Pacific Co., *supra* 444 F.2d at 1225. More particularly, Congress intended in .regard to sexual discrimination cases to strike at the entire spectrum of disparate treatment of individual men and women resulting from sex stereotypes. Sprogis v. United Air Lines, Inc., *supra* 444 F.2d at 1198. In short, under the Equal Employment Opportunity Act of 1972, all stereotypic treatment of persons based on race, religion, or sex whether rational or irrational is dead. Because the Department of Water and Power's practice in question here violates these considerations by applying the general actuarial characteristic of female longevity to individual female employees who in reality may or may not outlive individual male employees, the court concludes that plaintiffs have established a case of discrimination under § 703(a)(1) of the Equal Employment Opportunity Act.

Defendants attempt to establish a defense under § 703(h) of the Equal Employment Opportunity Act of 1972. 42 U.S.C.A. § 2000e–2(h) (West 1974). This section states in part that "it shall not be an unlawful employment practice under this subchapter for any employer to differentiate upon the basis of sex in determining the amount of wages or compensation paid or to be paid to employees . . . if such differentiation is authorized by the provisions of section 206(d) of Title 29." Section 206(d) states in part that "no employer . . . shall discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work . . .

except where such payment is made . . . (iv) a differential based on any other factor other than sex: *Provided,* That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee." 29 U.S.C.A. § 206(d)(1).

Defendants fail to explain how § 206(d)(1) justifies higher retirement contributions for women. Instead, they cite § 703(h) and immediately refer to 29 C.F.R. § 800.116(d), a regulation of the Wage-Hour Administrator which implies that segregated actuarial treatment of men and women does not violate the Equal Pay Act. Even if § 206(d)(1) applies to this case, the court believes that differentiation based on sex segregated actuarial tables constitutes a differential based on the "factor" of sex in violation of that section.

■■ The court also concludes that the other elements necessary to support a preliminary injunction are present in this case. Where statutory civil rights of employees are found to have been violated, irreparable injury may be presumed from loss of human dignity which such violations engender. See United States v. Hayes International Corp., 415 F.2d 1038, 1045 (5th Cir. 1969). Moreover, as. plaintiffs' affidavits suggest, the potential for irreparable injury is great in that we deal with the present ability of female employees to provide the necessities of life for themselves and their families. Finally, the very subject of this action, sexual discrimination, and the number of persons affected by the Department's practice, supports the conclusion that a preliminary injunction would serve the public interest.[1]

Accordingly, it· is ordered that plaintiffs' motion for a preliminary injunction is granted.

---

1. While this opinion was in draft form, the court was notified by defendants in a copy of a letter dated December 26, 1974 that the Department of Water and Power and the Board of Administration of the Department of Water and Power Employees Retirement Plan had adopted a resolution on December 23, 1974, equalizing male and female contributions to the Retirement Plan.

It is further ordered that this Memorandum and Order shall constitute the court's findings of fact and conclusions of law as authorized by Rule 52 of the Federal Rules of Civil Procedure.

It is further ordered that the Clerk of the Court shall serve copies of this Memorandum and Order, by United States mail, upon the attorneys of record for the parties herein.