**W. J. USERY, Jr., Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**OWENSBORO-DAVIESS COUNTY HOSPITAL, a corporation, et al., Defendants.**

**Civ. A. No. 2595–O.**

United States District Court, W. D. Kentucky, Owensboro Division.

Dec. 13, 1976.

Marvin M. Tincher, Regional Atty., U. S. Dept. of Labor, Nashville, Tenn., for plaintiff.

Philip B. Hayden, Ronald M. Sullivan, Owensboro, Ky., for defendants.

## MEMORANDUM OPINION AND ORDER

JAMES F. GORDON, Senior District Judge.

Plaintiff has contended that defendants violated the equal pay provisions of the Fair Labor Standards Act of 1938 by paying wage differentials solely on the basis of sex. 29 U.S.C.A. § 206(d)(1). At trial, this Court directed a verdict in favor of defendants at the close of the plaintiff's case. Plaintiff appealed this ruling and the Sixth Circuit remanded the case back to this Court.

In the remand, the Sixth Circuit directed this Court to hear the entire case and decide whether defendants' actions constituted a recognized exception to the equal pay provisions. Prior to this case being rescheduled by us, the Supreme Court rendered its decision in *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976) which cast considerable doubt on the applicability of the equal pay provisions to these defendants. We allowed the defendants to amend their answer.

The issue raised by the amended answer concerns the applicability of the *League* ruling to the instant case. Although the parties briefed the issue, neither of them adequately addressed the applicability of *stare decisis*. Accordingly, the Court held a hearing on November 23, 1976, addressed primarily to this latter issue. We have been very careful in analyzing this challenge since upholding defendants' argument would dispense with the requirement of the Sixth Circuit for a trial of fact. However, we must follow the law of the land as stated by the Supreme Court and the *League* case is now that law. And, as we read that case, it is apparent that the equal pay provisions no longer apply to these defendants as they are a local governmental agency, a state-operated hospital. Accordingly, defendants' motion for summary judgment must be sustained.

The issue in the *League* case concerned the applicability of the minimum wage requirements of the Act to state and local government subdivisions and their agencies. For present purposes, this was done by two amendments to the Act's definitions for "employer". In 1966, "employer" was expanded to include states and their political subdivisions, including state-operated hospitals. 29 U.S.C.A. § 203(d). In 1974, this definition was further extended to include "public agencies", which for practical purposes, meant all employees of the state. 29 U.S.C.A. § 203(s)(5); and § 203(x).

The 1966 amendments were held constitutional in *Maryland v. Wirtz*, 392 U.S. 183, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1966), wherein it was declared that such extensions of the Act were valid under the Commerce Clause and did not infringe upon areas of state sovereignty protected by the Tenth Amendment. The *League* case now declares the 1974 amendments beyond the power of Congress under the Commerce Clause since they infringe upon areas of state sovereignty protected by the Tenth Amendment. Since the 1974 amendments obviously overlapped the areas declared constitutional by the *Wirtz* case, the *League* Court, per Justice Rehnquist, specifically overruled the *Wirtz* case in order to "be clear what we hold today, and what we do not." 426 U.S. 852, 96 S.Ct. 2474. As further stated by the Court:

While there are obvious differences between the schools and hospitals in Wirtz, and the fire and police departments affected here, each provides an integral portion of those governmental services which the States and their political subdivisions have traditionally afforded their citizens. We are therefore persuaded that Wirtz must be overruled. 426 U.S. 855, 96 S.Ct. 2476.

It is important to note at the outset that the *League* case involved the amendments extending, basically, the definition of "employers" covered by the Act. Both the definition of employers and the amendments thereto were obviously meant to, and did, extend the coverage of the *entire* Act. The Supreme Court ruled in the *League* case that the coverage encompassed within this expanded definition of employers was not within the power of Congress *under the Commerce Clause* since it involved areas of

state sovereignty protected by the Tenth Amendment.

■ In logical sequence, then, the term "employers", which was expanded by both the 1966 and 1974 amendments to encompass these defendants, a state-operated hospital, has now been greatly restricted by the Supreme Court. Although the *League* ruling did leave unanswered questions as to which state activities were essential to state sovereignty and therefore protected by the Tenth Amendment from federal regulation under the Commerce Clause, that decision explicitly stated that hospitals were encompassed within its ruling. Thus, the term "employers", as defined for the entire Act, no longer includes state-operated hospitals or their employees.

■ We have been unable to discern, either from the plaintiff's brief or oral argument, why these same amendments to the same definition of employers should, despite the *League* ruling, be held valid to the equal pay provisions of the Act. If the term "employers" for the entire Act no longer includes state-operated hospitals, *a fortiori*, this same term cannot be deemed to nonetheless apply to state-operated hospitals under another part of the same Act. More precisely, we feel bound by *stare decisis* to hold that the entire Act, including the equal pay provisions, no longer applies to the category of employers that includes these defendants.

The grounds offered by plaintiff in support of its position are, basically, that the *League* case dealt only with the minimum wage portions of the Act and that, in any event, Congress could properly have extended the equal pay provisions to these defendants under either the Commerce Clause or the Fourteenth Amendment. The Court does not believe either ground is sound.

With regard to the first rationale, we note that the *League* case, in considering the amendments, specifically analyzed only the minimum wage provisions of the Act. However, we do not believe that that fact can be used to limit the holding of the *League* case solely to the amendments vis-a-vis the minimum wage portions of the Act. Several reasons exist for our conclusion.

First, in *Maryland v. Wirtz,* the effect of the 1966 amendments was discussed solely in terms of the effect of the minimum wage provisions of the Act. No mention was made in that case of the equal pay provisions of the same Act. The *Wirtz* Court upheld the amendments explicitly insofar as they extended the minimum wage provisions of the Act.

Inasmuch as we have been unable to find a single case after *Wirtz* wherein the equal pay provisions were argued *not* to have been extended by *Wirtz,* the Court concludes that *Wirtz* implicitly upheld the 1966 amendments to "employer" as applied to *both* the minimum wage *and* equal pay parts of the Act. Thus, since the expansion of the equal pay amendment to state-operated hospitals was implicitly authorized by the *Wirtz* decision, then the contraction of these same provisions from these same employers must necessarily follow from the overruling of *Wirtz* by the *League* case.

Second, a statute should be interpreted so that its constituent parts exist in harmony. *Weinberger v. Hynson, Wescott & Dunning,* 412 U.S. 609, 631–32, 93 S.Ct. 2469, 37 L.Ed.2d 207 (1973). Thus, although a severability clause exists in the Act, the Court does not fathom how that clause can be deemed applicable to the amendments declared invalid by the *League* case. The plaintiff urges the Court to *sever* the amendments into extensions of the minimum wage provisions and extensions of the equal pay provisions. Plaintiff obviously concedes that the former are covered by the *League* ruling but urges that the latter are severable from that ruling.

We do not, in the first instance, believe that the severability provision can be used to create a dichotomy in the amendments pursuant to the *League* case. But, more importantly, this interpretation would lead to, and apparently is leading to, chaos, not harmony, in the implementation of the Act as it now exists. Under plaintiff's interpre-

tation, the same Act now applies to two different sets of "employers". It will have to be a case-by-case determination as to whether the equal pay provision applies to each category of employers covered by the *Wirtz* and *League* decisions. The Department of Labor will apparently have power to order equal pay compliance by certain employers yet have no power to order minimum wage compliance to those same employers—even though both provisions arise from the same Act. Such disharmony was obviously not intended either by Congress or the Supreme Court.

Third, the plaintiff's interpretation obviously places the scope of the equal pay provisions beyond that of the minimum wage provisions. Yet, it is clear that this would, if anything, reverse the priority of those provisions as enacted by Congress. After all, the equal pay provisions were not added to the Act until 1963. And the equal pay provision, contained at 29 U.S.C.A. § 206(d)(1), encompasses only those employers " . . . having employees subject to any provisions of this section". The latter quotation would, in and of itself, apparently limit coverage of the equal pay provisions only to those persons *already* subject to the minimum wage provisions of that section.

In any event, we find, reading the Act as a whole, that Congress obviously intended the equal pay provisions to be co-extensive in coverage with the minimum wage provisions of the same Act. To sever the 1966 and 1974 amendments into separate categories of wage and equal pay provisions would not only lead to chaos in interpreting the Act but also would be contrary to the Congressional desire for co-extensive coverage of the two provisions.

■ All of the above-cited reasons fully justify our conclusion that the *League* decision restricted the definition of "employer" for the *entire* Act, not just the minimum wage portions thereof. Accordingly, based upon *stare decisis,* the Court holds that the defendants are no longer "employers" within the provisions of the Fair Labor Standards Act. The Court notes that this same conclusion was reached by the District

Court in *Howard v. Ward County,* 418 F.Supp. 494, 500–501 (D.N.D.1976).

For these reasons, it is not necessary for the Court to rule on the other grounds proffered by plaintiff, both in its brief and at the hearing, in support of the continued application of the equal pay provisions of the Act. These grounds urge a "balancing" of federal and state interests under the Commerce Clause and/or an analysis based upon the Fourteenth Amendment, Section Five. Although these grounds would have great vitality if some other Act were being construed, neither ground applies here since the *League* case has already settled the issue.

As for a balancing of interests, per Justice Blackmun's concurrence in the *League* case and the analysis of the *League* case itself, the holding of the *League* case, *ipso facto,* precludes applying such a test here. The term "employers" no longer includes these defendants. Otherwise, this Court is asked to use the very "balance" relied upon by the Supreme Court in declaring the amendments to the Act invalid as grounds for now declaring the same amendments valid.

Concerning the viability of these amendments under the Fourteenth Amendment instead of the Commerce Clause, the Court feels that such an analysis cannot be used here. The *League* case has already ruled that "employers", for purposes of the Act, does not include this defendant, a state-operated hospital. Besides, the Supreme Court in the *League* case specifically refused to consider sources of national power other than the Commerce Clause upon which the Act and the amendments were premised. 426 U.S. 852, 96 S.Ct. 2474, n. 17. Plaintiff offers no reason why a District Court should reach out for the Fourteenth Amendment in construing these amendments or the Act itself when the Supreme Court specifically refused to do this in the *League* case.

We have read the cases cited by plaintiff. Those cases uniformly involved a court either applying a "balancing" test under the Commerce Clause (*Christensen v. Iowa*

*Board of Regents*, 417 F.Supp. 423, N.D. Iowa, 1976), a Fourteenth Amendment analysis with this "balancing" test (*Usery v. Board of Education Salt Lake City*, 421 F.Supp. 718, D.C. Utah, 1976), or just a Fourteenth Amendment analysis (*Usery v. Allegheny County Hospital*, 544 F.2d 148, 3rd Cir. 1976).

As explained above, we do not follow any of these cases because none of them accounts for *stare decisis*. Only in *Howard v. Ward County*, supra, was the latter doctrine, though not specifically mentioned, used as the basis of decision. We believe the *Howard* case was correctly decided and follow it as opposed to the other decisions which ignore *stare decisis*.

Neither do we believe that *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (dated June 28, 1976) requires a different result. That case upheld damages against state officials for violations of Title VII of the Civil Rights Act of 1964 against a claim of immunity under the Eleventh Amendment. The Supreme Court upheld the award because Title VII was based upon the Fourteenth Amendment. The Court specifically compared the source of congressional power in *Fitzpatrick*, the Fourteenth Amendment, from the source in the *League* case, the Commerce Clause. (Note 9, p. ——, 96 S.Ct. p. 2670). We cannot now go back and hold that the *League* case involved any other source of constitutional power other than the Commerce Clause.

In sum, the Supreme Court in the *League* case declared that the scope of "employer" in the Fair Labor Standards Act of 1938 no longer included state-operated hospitals. The Act, which includes minimum wage and equal pay provisions, was thus inapplicable to those state-operated hospitals. By virtue of *stare decisis*, this Court has no choice but to follow the ruling of the *League* case and rule that the defendants, a state-operated hospital, are no longer subject to the provisions of the Act at all.

IT IS ORDERED that the defendants' motion for summary judgment be, and the same is hereby, granted.