**Alvin REMMICK, Orville Rensby and George Fiske, Plaintiffs,**

v.

**BARNES COUNTY, a political subdivision of the State of North Dakota, Defendant.**

No. A3–76–30.

United States District Court,
D. North Dakota,
Southeastern Division.

Aug. 23, 1977.

Robert A. Feder, Kruger, Yuill, Feder & Hovland, Fargo, N.D., for plaintiffs.

Maurice G. McCormick, Vogel, Vogel, Brantner & Kelly, Fargo, N.D., for defendant.

## MEMORANDUM AND ORDER

BENSON, Chief Judge.

This action was brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, by former employees [1] of Barnes County, alleging that they were willfully discharged from employment with the county highway department because of their age, in violation of the ADEA. Defendant has filed a motion for judgment on the pleadings, arguing that "the Age Discrimination in Employment Act unconstitutionally includes within the definition of 'employer' a state or political subdivision of a state. 29 U.S.C.A. Section 630(b)."

Defendant's argument must be considered in light of *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), in which the Supreme Court held that Congress exceeded its authority under the Commerce Clause by attempting through the 1974 Fair Labor Standards Amendments to extend coverage of the minimum wage and maximum hour provisions to the states and their political subdivisions as employers. The Court found that the application of these provisions would "impermissibly interfere with the integral governmental functions" of the states and their political subdivisions and would "significantly alter or displace the States' abilities to structure employer-employee relationships" in areas of traditional governmental functions. *Id.* at 851, 96 S.Ct. at 2473. The Court reached this conclusion through what appears to be a balancing of the federal interest in providing minimum wages and overtime compensation for state employees under the Commerce Clause against the states' interest in structuring their governmental functions under the Tenth Amendment.[2] In a footnote the Court expressly refrained from stating whether the result would have been different if Congress had acted under other constitutional grants of authority, such as the spending power of Art. I, § 8, or § 5 of the Fourteenth Amendment. *Id.* at 852 n.17, 96 S.Ct. 2465.

In analyzing the effect of *National League of Cities* on the application of the ADEA to the states and their political subdivisions under 29 U.S.C. § 630(b), it should initially be noted that the Court in that decision referred only to the minimum wage and maximum hour provisions. No mention was made of other provisions, such as the ADEA or Equal Pay Act, which incorporate the 1974 Fair Labor Standards Amendments' definition of "employer."

Several courts have considered the effect of *National League of Cities* on provisions other than the minimum wage and maximum hour sections of the Fair Labor Standards Act. The majority of these courts have held that *National League of Cities* is not necessarily controlling, and an independent inquiry is necessary to determine whether the application of such provisions to states and their political subdivisions can be sustained under the Commerce Clause or

1. Originally there were four plaintiffs in this action, but one of the plaintiffs entered into a stipulation for voluntary dismissal of his claim.

2. Justice Blackmun in his concurring opinion, which was the decisive vote in the Court's 5–4 decision, stated that he concurred in the Court's opinion with the understanding that it had adopted a balancing approach. 426 U.S. at 856, 96 S.Ct. 2465.

another constitutional grant of congressional authority. *E. g., Usery v. Charleston County School District,* 558 F.2d 1169 (4th Cir. 1977) (Equal Pay Act); *Usery v. Allegheny County Institution District,* 544 F.2d 148 (3d Cir. 1976), *cert. denied,* 430 U.S. 946, 97 S.Ct. 1582, 51 L.Ed.2d 793 (1977), (Equal Pay Act); *Aaron v. Davis,* 424 F.Supp. 1238 (E.D. Ark. 1976) (ADEA); *Usery v. Board of Education of Salt Lake City,* 421 F.Supp. 718 (D. Utah 1976) (ADEA). Only three courts have held that *National League of Cities* controls the application of other provisions to states and their political subdivisions as employers. *Adams v. Richland County School District,* Civ.No. 75–1330 (D. S.C. April 29, 1977), *Usery v. Owensboro-Daviess County Hospital,* 423 F.Supp. 843 (W.D.Ky. 1976); *Howard v. Ward County,* 418 F.Supp. 494 (D. N.D. 1976) (Van Sickle, J.) (all three cases involving the Equal Pay Act).

This court finds the analysis of the majority of these courts persuasive, and therefore an inquiry into the application of the ADEA to Defendant Barnes County must be undertaken independently from the *National League of Cities* decision on the FLSA wage and hour provisions. It must be determined whether application of the ADEA to the states and their political subdivisions as employers can be sustained under the Commerce Clause or another grant of authority to Congress.

■ Unlike the Fair Labor Standards Act's wage and hour provisions, the ADEA can be viewed as an exercise of congressional authority under § 5 of the Fourteenth Amendment to enforce that amendment's equal protection provisions. *Aaron v. Davis,* 424 F.Supp. at 1241; *Usery v. Board of Education of Salt Lake City,* 421 F.Supp. at 721. The exercise of congressional au-

thority under this provision, unlike the Commerce Clause, is not limited by the Tenth Amendment.

In *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), decided four days after *National League of Cities,* the Court upheld a backpay award against the state employees retirement commission for discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964. The Court sustained the application of Title VII to the states as employers on the basis of § 5 of the Fourteenth Amendment, noting that the Fourteenth Amendment is a limitation on state power and its enforcement is not an invasion of state sovereignty. *Id.* at 454, 96 S.Ct. 2666, *quoting Ex Parte Virginia,* 100 U.S. 339, 345–48, 25 L.Ed. 676 (1880). *See Mitchum v. Foster,* 407 U.S. 225, 238–39, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); *South Carolina v. Katzenbach,* 383 U.S. 301, 308, 86 S.Ct. 803, 15 L.Ed.2d 769 (1966). The Court further stated:

> We think that Congress may, in determining what is "appropriate legislation" for the purpose of enforcing the Fourteenth Amendment, provide for private suits against States or state officials which are constitutionally impermissible in other contexts.

427 U.S. at 456, 96 S.Ct. at 2671.

■ This court holds that the Age Discrimination in Employment Act's inclusion of the states and their political subdivisions as "employers" subject to its provisions is a constitutional exercise of congressional authority under § 5 of the Fourteenth Amendment. It is therefore unnecessary to engage in a balancing of the state and federal interests involved to determine whether 29 U.S.C. § 630(b) can be sustained under the Commerce Clause.[3]

---

**3.** The district court in *Usery v. Board of Education of Salt Lake City,* 421 F.Supp. 718 (D. Utah 1976), did engage in a *National League of Cities*-type balancing and found that the ADEA's coverage of state employers was permissible under either the Commerce Clause or the Fourteenth Amendment. With respect to the Commerce Clause the court stated:

> Congress has a national interest in preventing arbitrary discrimination in employment on the basis of age and this includes protecting the significant number of individuals employed by states or instrumentalities and agencies thereof. This national interest is particularly significant when balanced against the defendant's nominal interest in arbitrarily discriminating in its employment

Since Defendant is not entitled to judgment as a matter of law IT IS ORDERED Defendant's motion for judgment on the pleadings is DENIED.

This court is of the opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal herefrom, in accordance with 28 U.S.C. § 1292(b), may materially advance the ultimate termination of this litigation.

decisions on the basis of age. Such a policy choice to discriminate on the basis of age in selecting individuals for employment within a state education system is outweighed by the significant national interest in insuring nondiscriminatory employment practices in areas affecting interstate commerce even assuming that the state employment system represents an integral state governmental operation.
*Id.* at 720.