**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**COUNTY OF LOS ANGELES, Defendant.**

**Civ. A. No. 78-2522-LTL.**

United States District Court, C. D. California.

Jan. 29, 1982.

Samuel Dashiell, Regional Atty., Robert T. Olmos, Supervisory Trial Atty., Martin K. Magid and Christine Masters, Trial Attys., E. E. O. C., Los Angeles, Cal., for plaintiff.

John H. Larson, County Counsel, and William F. Stewart, Chief, Labor Relations Div., Los Angeles, Cal., for defendant.

*Memorandum and Order*

MALETZ, Judge:[1]

This is a motion pursuant to F.R.C.P. 62(c)[2] for a stay of an injunction pending appeal. Specifically, defendant seeks a stay of this court's order, issued on December 21, 1981, restraining the defendant from limiting the employment of applicants for the position of Entry Level Deputy Sheriff and Helicopter Pilot, Fire Services, to those individuals who have not yet attained the age of thirty-five (35). Essentially, that order is based on this court's finding that defendant's policy of limiting hiring for those positions to persons under the age of thirty-five is violative of the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.*[3] See *EEOC v. County of Los Angeles*, 526 F.Supp. 1135 (C.D.Cal.1981).

In order to obtain a stay of the injunction pending appeal, defendant must: (1) make a strong showing that it is likely to succeed on the merits of the appeal; (2) establish that unless a stay is granted it will suffer irreparable injury; (3) show that no

---

1. Of the United States Court of International Trade, sitting by designation.

2. Rule 62(c) provides in part:
   When an appeal is taken from an interlocutory or final judgment granting ... an injunction, the court in its discretion may suspend, modify, restore or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the adverse party.

3. 29 U.S.C. § 623(a) provides:
   (a) It shall be unlawful for an employer
   (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age;

substantial harm will come to other interested parties; and (4) show that a stay will do no harm to the public interest. See *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970); *Beverly v. United States*, 468 F.2d 732, 741, n. 13 (5th Cir. 1972); Wright & Miller, *Federal Practice and Procedure*: Civil § 2904. It is to be noted that injunctions issued under the ADEA are not routinely stayed pending appeal. See *Criswell v. Western Air Lines*, Docket No. 81–5536 (9th Cir. Order filed July 31, 1981).

■ In arguing that it is likely to succeed on appeal, defendant's first legal contention is that the ADEA may not be constitutionally applied to the states and their political subdivisions. In support of this argument, defendant relies upon *EEOC v. Wyoming*, 514 F.Supp. 595 (D.Wyo.1981),[4] which held that the eleventh amendment bars the application of the ADEA to state governments. However, the great weight of authority indicates that there is no constitutional bar to the application of the ADEA to the states and their political subdivisions, and the court concludes that defendant is not likely to succeed upon this claim. *Arritt v. Grissell*, 567 F.2d 1267 (4th Cir. 1977); *Marshall v. City of Sheboygan*, 577 F.2d 1 (7th Cir. 1978); *Aaron v. Davis*, 424 F.Supp. 1238 (E.D.Ark.1976); *Marshall v. Delaware River & Bay Auth.*, 471 F.Supp. 886 (D.Del. 1979); *Remmick v. Barne County*, 435 F.Supp. 914 (D.N.D.1977); *Usery v. Board of Education of Salt Lake City*, 421 F.Supp. 718 (D.Utah 1976).

Defendant next argues that the existence of age limitations for federal employment in similar occupations establishes age as a bona fide occupational qualification. However, while Congress has authorized entry level restrictions for certain jobs, it has not required their adoption. And it has neither authorized nor approved the *specific* federal age limitations currently in *force*.[5] In the court's view, the mere existence of such unapproved federal hiring age limitations is not relevant to consideration of whether age is a bona fide occupational qualification here and defendant is therefore not likely to succeed on appeal on this basis.[6]

■ Defendant also states it will argue on appeal that this court should have placed greater emphasis upon the alleged economic impact upon defendant of the voiding of its age restrictions. However, precedents make clear that age discrimination may not be justified simply because of economic considerations. See *Smallwood v. United Air Lines*, 661 F.2d 303 (4th Cir. 1981) and *McMahan v. Barclay*, 510 F.Supp. 1114, 1116 (S.D.N.Y.1981).

■ The court is mindful that defendant has indicated that it will argue on appeal that this court's finding that age is not a bona fide occupational qualification for the jobs in issue is clearly erroneous. However, its brief before the court does not indicate the specific basis of this claim. Given then the general nature of defendant's argument, it is sufficient to note that substantial expert testimony was presented at trial indicating that age was not a bar to adequate performance of these jobs. While review of this court's finding is, of course, for the Court of Appeals, this court, in view of the record here, believes defendant is not likely to establish that this finding of fact was clearly erroneous.

---

4. Petition for direct appeal to the Supreme Court granted on January 11, 1982.

5. The relevant federal provision is 5 U.S.C. § 3307(d) which provides:

    (d) The head of any agency may, with the concurrence of such agent as the President may designate, determine and fix the minimum and maximum limits of age within which an original appointment may be made to a position as a law enforcement officer or firefighter, as defined by Section 8331(20) and (21), respectively, of this title.

6. 29 U.S.C. § 623(f)(1) contains a bona fide occupation qualification exception to the ADEA which provides:

    (f) It shall not be unlawful for an employer . . .

      (1) to take any action otherwise prohibited under subsection (a) . . . of this section where age is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business, or where the differentiation is based on reasonable factors other than age.

Turning to the second requirement for the issuance of a stay, defendant has argued that it will suffer irreparable injury if this court's injunction is not stayed pending appeal. Defendant has not, however, indicated the number of persons over the age of thirty-five, if any, who are currently seeking to be hired for the positions in issue. The absence of such information renders any claim of irreparable injury entirely speculative. What is more, any employees hired pursuant to this court's order have, of course, to be otherwise qualified for their positions. That being the case, even if the injunction were vacated, it does not follow that defendant will necessarily suffer irreparable injury.

We next consider whether staying the injunction would harm other interested parties. Obviously, a stay would deprive any person over the age of thirty-five who seeks to be hired for the jobs in issue of the protection of the ADEA. This denial of their rights, even if only during the pendency of appellate proceedings in this case, constitutes a real injury to them. See *Adams v. Walker*, 488 F.2d 1064 (7th Cir. 1973) and *Armstrong v. O'Connell*, 416 F.Supp. 1325, 1331 (E.D.Wis.1976). As was stated in *Manhart v. Los Angeles Department of Water & Power*, 387 F.Supp. 980, 984 (C.D. Cal.1975), *aff'd*, 553 F.2d 581 (9th Cir. 1976):

> Where statutory civil rights of employees are found to have been violated, irreparable injury may be presumed from the loss of human dignity which such violations engender.

For these reasons, the court concludes that staying the injunction in this case would harm persons seeking employment in the jobs in issue and would not be in the public interest.

## ORDER

Defendant's motion for a stay of the injunction issued on December 21, 1981 is denied.