**Charles Ross CARINO**

v.

**Ella T. GRASSO, Individually and as Governor of the State of Connecticut.**

**Civ. No. H 76–126.**

United States District Court,
D. Connecticut.

March 16, 1976.

Hubert P. Santos, Hartford, Conn., for plaintiff.

John F. Mulcahy, Jr., Deputy Chief State's Atty., Robert E. Beach, Jr., Asst. Prosecuting Atty., New Haven, Conn., for defendant.

## ORDER OF DISMISSAL

CLARIE, Chief Judge.

The plaintiff, Charles Ross Carino, brings this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) and (4), seeking a temporary injunction, which would restrain the Governor of Connecticut from effecting the plaintiff's extradition to the State of New Jersey, where he has been indicted on charges of bribery, conspiracy, obstructing justice, uttering a forged check and obtaining money under false pretenses. Carino has already delayed his extradition for nine months, by means of a separate action filed in this Court on June 17, 1975, which posed a constitutional challenge to the Governor's statutory authority to issue a warrant authorizing his arrest and extradition. On January 16, 1976, a three-judge Federal District Court held Carino's constitutional claims to be without merit, and dissolved that Court's preliminary injunction, which had prevented his extradition pending resolution of those claims.

On March 4, 1976, Carino filed a notice of appeal from the judgment of the three-judge court to the Supreme Court of the United States, and also applied to the three-judge court for a stay of its judgment pending the appeal. The three-judge court unanimously denied a stay, and Carino then applied to Circuit Justice Thurgood Marshall, who denied a stay on March 10, 1976. Carino has now brought the present action, seeking a preliminary injunction identical to that dissolved by the three-judge court,[1]

---

1. The plaintiff has also asked the Court to order the Governor of Connecticut to hold a hearing before executing the extradition warrant "for the purpose of determining whether probable cause exists for the execution of said warrant." The decisions of the Supreme Court make it clear that upon receipt of an extradi- tion demand, the Governor cannot make a new assessment of evidence against Carino and reach an independent finding concerning probable cause. See Kentucky v. Dennison, 65 U.S. (24 How.) 66, 106–107, 16 L.Ed. 717 (1860). This legal principle was discussed in the three-judge court opinion, DeGenna and Carino v.

on the ground that his right to due process and equal protection of the law, as well as his statutory right to appeal the judgment of the three-judge court pursuant to 28 U.S.C. § 1253, will be denied if said appeal is rendered moot by his extradition.

[redacted] After examining the complaint, the motion for a temporary injunction, the proposed order to show cause, and the appended exhibits, the Court concludes that the present action has been brought solely for purposes of delay and to circumvent the decisions of both the three-judge court and the Circuit Justice, who have found that a stay pending appeal is inappropriate. The claims of law advanced by Carino are insubstantial and frivolous; neither the fifth nor the fourteenth amendment protects an appellant against the possibility that his claim will become moot pending appeal. The right of appeal provided by 28 U.S.C. § 1253 is the right to appeal certain non-moot cases; that statute does not create a right to have every judgment of a three-judge court reviewed by the Supreme Court, nor does it revise the requirement of Article III, Section 2 which limits the federal judicial power to "cases" and "controversies."

[redacted] The only proper procedures for obtaining a stay of the judgment of a three-judge court pending appeal are an application to the three-judge court, Fed.R.Civ.P. 62(c), and an application to the Circuit Justice, Rules 18 and 51 of the United States Supreme Court, *and see* Fed.R.Civ.P. 62(g). Carino, having tried both these avenues unsuccessfully, now attempts to circumvent them with the present action. The issue of mootness that he raises, however, has already been considered in the equitable balancing by the three-judge court and the Circuit Justice who weighed applications for a stay.

> "Where the question is whether an injunction should be granted the irreparable injury facing the plaintiff must be balanced against the competing equities before an injunction will issue. *Yakus v. United States*, 1943, 321 U.S. 414, 440, 64 S.Ct. 660, 674, 88 L.Ed. 834. And the same considerations obtain where the issue is whether an injunction should be lifted or stayed. I think the matter is cast in no different light when one consequence of staying an injunction pending appeal may be to render the appeal moot in whole or in part." *Breswick & Co. v. United States*, 75 S.Ct. 912, 915 (Harlan, Circuit Justice, 1955).

Accordingly, the present case must be dismissed for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). SO ORDERED.

[redacted]

*Grasso*, 413 F.Supp. 427, at 432–433 (D.Conn. 1976). There is no requirement, constitutional or otherwise, that the Governor grant the hearing plaintiff requests, and this Court cannot order the Governor to do so.