Ronald V. DELLUMS, Eleanor Ginsberg, Myrna Cunningham, Plaintiffs,

v.

William French SMITH, individually and in his official capacity as Attorney General of the United States, D. Lowell Jensen, individually and in his official capacity as Assistant Attorney General, Criminal Division of The United States Department of Justice, Defendants.

No. C–83–3228 SAW.

United States District Court,
N.D. California.

Jan. 10, 1984.

---

Jules Lobel, University of Pittsburgh Law School, Pittsburgh, Pa., Ellen Yaroshefsky, Michael D. Ratner, Margaret L. Ratner, Sarah Wunsch, Peter Weiss, Center for Constitutional Rights, New York City, Marc Van Der Hout, National Lawyers Guild, San Francisco, Cal., for plaintiffs.

J. Paul McGrath, Asst. Atty. Gen., Richard K. Willard, David J. Anderson, Vincent M. Garvey, David H. White, Attys., Dept. of Justice, Washington, D.C., Joseph P. Russoniello, U.S. Atty., John F. Barg, Asst. U.S. Atty., San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER DENYING STAY

WEIGEL, Senior District Judge.

Pending appeal, defendants have moved to stay the judgment in this case.

 The considerations governing judicial discretion in ruling on that motion are threefold: (1) Have the movants established a strong likelihood of success on the merits? (2) Does the balance of irreparable harm favor the movants? (3) Is the public interest served by the grant of the injunction? *Warm Springs Dam Task Force v. Gribble*, 565 F.2d 549, 551 (9th Cir.1977) (per curiam); *see E.E.O.C. v. County of Los Angeles*, 531 F.Supp. 122, 123–24 (C.D. Cal.1982). *See also Lopez v. Heckler*, 713 F.2d 1432, 1436 (9th Cir.1983). Stays are sparingly granted. They are a disfavored remedy because they interrupt the ordinary process of judicial review and postpone relief for the prevailing party. *United States v. State of Texas*, 523 F.Supp. 703, 729 (E.D.Tex.1981).

Defendants propose, citing *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C.Cir.1977), that they need not show a likelihood of success on the merits but only that the issues present a "fair ground for litigation." Their reliance on *Holiday Tours* overlooks the fact that that case held the lesser standard for success on appeal to be applicable only when the other factors strongly favor granting a stay. *Id.* at 843. The other factors in this case do not so favor granting a stay.

Defendants' motion for a stay is based upon a repetition of contentions decided adversely to them by the judgment in this case and by today's order denying the motion to alter that judgment. Even so, the Court has evaluated the two cases defendants cite in support of their claim that they are likely to prevail on appeal—*Linda R.S. v. Richard D.*, 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) and *Nathan v. Attorney General of the United States*, 557 F.Supp. 1186 (D.D.C.1983).

 In the case at bar, the Court has found that plaintiffs had standing to sue

because they alleged denial of a procedural right granted them under the Ethics in Government Act, 28 U.S.C. §§ 591 *et seq.* The alleged harm was due to agency action reviewable under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* The finding that plaintiffs had standing to sue in no way relied on plaintiffs' status as "victims of a crime" or merely as "private persons having an interest in the functioning of government." It is on this basis that the Court distinguished *Linda R.S. v. Richard D. See Dellums v. Smith,* 573 F.Supp. 1489 at 1494 n. 1. Defendants err in reliance on *Nathan v. Attorney General* to support their contention that complainants under the Ethics in Government Act cannot bring suit to enforce their procedural rights. If anything, the *Nathan* opinion goes beyond this Court's decision. In *Nathan,* persons in plaintiffs' position were found to have a cause of action on the basis of the Ethics in Government Act alone, without reference to the Administrative Procedure Act.

Defendants do not challenge the underlying substantive merits of plaintiffs' case— i.e., the sufficiency and credibility of the information presented under the triggering standard for the preliminary investigation required by the explicit provisions of the Ethics in Government Act. Defendants have offered no argument to contradict the Court's finding that their initial determination as to the sufficiency of plaintiffs' proffered information was "unreasonable and wholly unsupported by the record." Indeed, as noted in the Court's order of even date denying the motion to alter judgment 577 F.Supp. 1449, defendants now unequivocally admit the requisite specificity of that information and the requisite credibility of the source.

■ Nor have defendants shown that a successful appeal is likely. Although proof of irreparable injury is insufficient to sustain a motion for stay if the appeal is unlikely to be successful (*Evans v. Buchanan,* 435 F.Supp. 832, 843 (D.Del.1977)), the Court has also evaluated defendants' claim of irreparable harm.

■ In alleging a threat of irreparable harm, defendants make two arguments. First, they claim that their case may become moot should they proceed with an investigation. Second, they claim that an investigation will cause them to utilize scarce investigatory resources. The possibility that defendants' appeal might become moot absent a stay does not affect the considerations which obtain when the Court is asked to stay its order pending appeal. *See Breswick & Co. v. United States,* 75 S.Ct. 912, 915 (Harlan, Circuit Justice 1955); *see also Carino v. Grasso,* 413 F.Supp. 75, 77 (D.Conn.1976). Defendants identify no harm flowing from mootness apart from their claim of expenditure of scarce investigatory resources. The limited use of such resources necessary to conduct a preliminary investigation (or, if the Attorney General elects not to conduct such an investigation, to apply to the statutorily designated court for appointment of independent counsel) is not a substantial concern where the Court has ordered only that defendants expend such resources in compliance with a statutory mandate.[1] Moreover, irreparable injury is unlikely where the Court has merely *ordered* defendants to comply with the law. *See SEC v. G. Weeks Securities, Inc.,* 483 F.Supp. 1239, 1246 (W.D.Tenn.1980). Denial of the stay will not cause serious hardship to defendants. *See, e.g., Lopez, supra,* at 1436–38.

The final, perhaps most critical factor for determining whether a stay should be granted is the effect of a stay upon the public interest. *Warm Springs Task Force,* 565 F.2d at 551; *see Holiday Tours,* 559 F.2d at 844. The Ethics in Government Act requires the Attorney General to complete a preliminary investigation within ninety days of the receipt of information that triggers the statutory provisions. 28 U.S.C. § 592(c)(1). If the preliminary investigation is not completed within this period, independent counsel must be appoint-

---

1. The alternative open to the Attorney General to apply for appointment of an independent counsel would appear to involve little, if any, expenditure of resources.

ed. *Id.* The preliminary investigation period may be extended by court order upon a showing of good cause, but such extensions are carefully limited by the statute to a single period of sixty days. 28 U.S.C. § 593(f). These provisions evidence congressional intent that the public interest requires prompt completion of the preliminary investigation, or, failing that, prompt application for appointment of independent counsel.

The Attorney General's failure to act promptly damages this important interest. Delay may prejudice the effectiveness of investigation. Furthermore, long delay may hamper effective action by the executive branch if it proceeds with the challenged action under the cloud of serious but unresolved charges. The preliminary investigation required in this case has already been delayed for approximately eleven months as a result of the defendants' persistent refusal to act upon the information received. While the Court does not question defendants' good faith, it concludes that the public interest should not be further compromised by the granting of a stay.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion for a stay of the Court's judgment of November 3, 1983 pending appeal is denied.