**UNITED STATES of America, Plaintiff,**

v.

**MIDWAY HEIGHTS COUNTY WATER DISTRICT, a California Municipal Corporation, Defendant.**

**Civ. No. S–87–1112–RAR/EM.**

United States District Court, E.D. California.

March 28, 1988.

On Application for Stay of Preliminary Injunction Pending Appeal June 6, 1988.

Robert H. Foster, Trial Attorney, Environmental Enforcement Section, Dept. of Justice, Washington, D.C., for plaintiff.

John Mendez, Kevin O'Brien, Downey, Brand, Seymour & Rohwer, Sacramento, Cal., for defendant.

## ORDER AMENDING ORDER GRANTING PRELIMINARY INJUNCTION

SAMUEL P. KING, Senior District Judge.

This matter came before the court on plaintiff's Motion for Amendment of this Court's Order of February 26, 1988. Plaintiff seeks an amendment of that Order to include findings of fact and conclusions of law. Although the court waited to issue this order until defendant had the opportunity to respond, defendant's own Motion to Amend offered in opposition to plaintiff's motion merely reiterates points which the court has already heard and rejected. Therefore, based upon the entire record in this case, including the submitted briefs of counsel, the supporting declarations, and counsels' oral argument before the Court,

IT IS HEREBY ORDERED that plaintiff's Motion for Amendment of this Court's Order of February 26, 1988 be, and the same hereby is GRANTED, and

IT IS FURTHER ORDERED THAT:

I. This court's Order of February 26, 1988 shall be amended by insertion of the following language between page 2, line 3,

and page 2, line 4, *i.e.*, between "oral argument" and "IT IS HEREBY ORDERED":

## THIS COURT HEREBY FINDS AND CONCLUDES:

1. Jurisdiction exists over the parties, and over the subject matter of this action pursuant to 28 U.S.C. § 1345, and 42 U.S.C. §§ 300g–3(b) and 300i (the Safe Drinking Water Act (SDWA)).

2. At all times material, defendant Midway Heights County Water District is and has been the owner and operator of a public water system within the meaning of SDWA:

a. Defendant operates a system that supplies water to customers;

b. Defendant obtains its water from the Boardman canal, an open waterway in the foothills of the Sierra Nevada and diverts it to a reservoir which defendant maintains.

c. Defendant owns and maintains a system of pipes that delivers water from the reservoir to the edges of the customers' property, at which point a single pipe runs underground to the interior of a number of the customers' homes.

d. Defendant's system has at least 15 service connections and regularly serves at least 25 individuals;

e. At over 15 service connections, individuals use the water supplied by defendant for human consumption.

f. At least 25 individuals use the water supplied by defendant for human consumption, on a regular basis.

g. Human consumption includes drinking, bathing and showering, cooking and dishwashing, and maintaining oral hygiene.

h. Defendant either knew or should have known to a substantial certainty that its customers were using the water it supplied for human consumption, based upon:

i) The locations and arrangements of the pipes and plumbing;

ii) The fact that a pipe runs from the defendant's system into a number of its customers' homes;

iii) The institution of State judicial and federal administrative actions against de-fendant including the issuance, in December, 1986, of an Emergency Administrative Order requiring defendant to comply with the Safe Drinking Water Act;

iv) A specific provision in an Agreement ("Agreement") between the Customer and defendant that instructs customers to make potable the water in the event they use it for human consumption.

i. The Agreement executed between defendant and its customers, which apparently purports to limit the use(s) of defendant's water to irrigation, is ineffective to take defendant's water system out of the reach of the SDWA, which was enacted to protect the public health.

3. The State of California Department of Health Services has requested plaintiff to bring this action.

4. The water supplied by defendant to its customers continually exceeded the maximum contaminant levels prescribed by the SDWA national primary drinking water regulations for all of 1987, for both microbiological contaminants (40 C.F.R. § 141.14) and for turbidity (40 C.F.R. § 141.13), as determined by testing performed by the State of California on at least a monthly basis during 1987.

5. Defendant has failed to meet the notification requirements contained in the national primary drinking water regulations, 40 C.F.R. § 141.32, for the proven violations.

6. Defendant has not performed any monitoring of its water for any contaminants, as required by the national primary drinking water regulations.

7. Defendant does not treat and has never treated in any way the water it supplied to its customers.

8. Defendant's operation of the Midway Heights water system has been and continues to be in significant violation of the Safe Drinking Water Act and the national primary drinking water regulations.

9. In light of the record, it is both likely that defendant will continue not to treat the water it supplies to its customers, and therefore likely that defendant will contin-

ue to violate the SDWA and its regulations in the future.

10. Water entering defendant's system has the potential to become contaminated with runoff from Interstate 80, animal feces, human fecal material, and high levels of coliform bacteria, as there exist no effective barriers to the entry of these contaminants.

11. Contaminants, including coliform and turbidity, are present in or likely to enter defendant's water system.

12. The presence or likelihood of entry of these contaminants into water used for human consumption presents an imminent and substantial endangerment to the health of persons.

13. Appropriate State and local authorities have not acted, and have not been able to act to protect the health of the endangered persons, in that:

a. A lawsuit filed by the State of California on July 10, 1984 sought to require defendant to obtain a permit as required for public water supplies.

b. That matter had not, as of February 26, 1988, gone to hearing on the merits.

c. Since 1984, the State has unsuccessfully tried to protect the health of persons endangered by the continued operation of defendant's water system. These efforts have included a lawsuit seeking to compel defendant to obtain a permit (under State law) to operate as a public water system.

14. Pursuant to 42 U.S.C. §§ 300g–3(b) and 300i, this court has jurisdiction and authority to issue a mandatory Order requiring defendant, its officers, agents, servants, employees, attorneys and other persons in active concert or participation with them to take immediate measures as specifically described in the Order of this Court dated February 26, 1988, to protect the public health at the Midway Heights water system.

15. The relief ordered in the Order of this Court of February 26, 1988 is required to protect the public health.

16. Plaintiff has demonstrated that there is a substantial likelihood that it will be successful on the merits at trial.

17. Denial of the requested relief will result in irreparable injury to plaintiff, including the continued threat to public health.

18. A consideration of the balance of hardships indicates that it favors plaintiff:

a. Defendant was unable to demonstrate that substantial hardship would ensue from the relief ordered by this Court on February 26, 1988. Plaintiff offered evidence that defendant has sufficient liquid assets available to comply with the terms of the order.

b. Defendant presented no credible evidence of any non-financial hardship that would flow from the relief ordered by this court on February 26, 1988.

c. Plaintiff demonstrated that denial of the injunction would result in a continued substantial endangerment to the health of persons.

19. The public interest favors the granting of this preliminary injunction, in that both the affected persons (customers, travellers and visitors), and the general public, benefit from the abatement of an endangerment to the public health.

20. This Court's Order will prevent the irreparable harm otherwise posed by the continued operation of defendant's water system.

THEREFORE,"

II. The Order of this Court of February 26, 1988 shall remain in full and complete effect in all other respects.

## ON APPLICATION FOR STAY OF PRELIMINARY INJUNCTION PENDING APPEAL

This matter came on for hearing before the Honorable Samuel P. King on May 31, 1988 on the application of defendant Midway Heights County Water District ("Midway Heights") for a stay of the preliminary injunction issued in this case on February 26, 1988 and amended March 25, 1988. Having given full and careful consideration to the written and oral arguments presented, this Court finds as follows:

## I. Legal Standard

The standard for evaluating a stay pending appeal is similar to that employed when determining whether to grant a preliminary injunction. *Lopez v. Heckler*, 713 F.2d 1432 (9th Cir.1983), *rev'd in part on other grounds*, 463 U.S. 1328, 104 S.Ct. 10, 77 L.Ed.2d 1431 (1983). As moving party, Midway Heights may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardship tips sharply in its favor. *Lopez*, 713 F.2d at 1435; *Los Angeles Memorial Coliseum Com'n v. Nat. Football League*, 634 F.2d 1197, 1201 (9th Cir.1980). "These are not separate tests, but the outer reaches 'of a single continuum' ", *Los Angeles Memorial Coliseum*, 634 F.2d at 1201, and "the relative hardship to the parties is a critical element in deciding at which point along the continuum a stay is justified." *Lopez*, 713 F.2d at 1435.

## II. Discussion

The parties have stipulated that the level of contaminants present in the water provided by Midway Heights exceeds maximum contaminant levels permitted under federal safety standards. However, Midway Heights contends that it does not provide drinking water for domestic use to enough customers to qualify as the owner and operator of a public water system within the meaning of the Safe Drinking Water Act (SDWA), 42 U.S.C. § 300f(4). I find that individuals use the water supplied by defendant for human consumption at over 15 service connections, and that at least 25 individuals use the water supplied by defendant for human consumption on a regular basis.

█ This determination, originally based on evidence provided by the government in support of the preliminary injunction, is affirmed by the survey recently prepared and provided by Midway Heights in support of its application for a stay. *United States v. Midway Heights*, Declaration of John Mendez in Support of Reply, Exhibit 1 at 23, 25 (May 27, 1988). The survey indicates that 40 households representing 113 users receive totally untreated tap water from the district. Although a number of these customers may also purchase bottled water for drinking purposes, as the survey suggests, this court has previously interpreted "human consumption" to include such normal uses as bathing and showering, cooking and dishwashing, and maintaining oral hygiene. *United States v. Midway Heights*, Order Amending Order Granting Preliminary Injunction, p. 3 para. 2(g) (March 25, 1988). Defendant has not demonstrated that customers who purchase bottled drinking water use it for such purposes. My previous finding that Midway Heights owns and operates a public water system within the meaning of SDWA stands.

█ The Water District maintains that the government has failed to demonstrate that the water system "may present an imminent and substantial endangerment to the health of persons, ..." as required by SDWA § 1431(a), 42 U.S.C. § 300i(a). Midway Heights contends that the government must demonstrate that its failure to comply with maximum contaminant levels has already caused illness among water district customers. I disagree. The SDWA authorizes preventative actions when a contaminant which is present in or is likely to enter a public water system may present an imminent and substantial endangerment to the health of persons. 42 U.S.C. § 300i(a). The widespread contamination of the system with organisms which are accepted indicators of the potential for the spread of serious disease in an untreated water system presents the imminent and substantial endangerment. This court need not wait to exercise its authority until water district customers have actually fallen ill from drinking Midway Heights water.

█ The water district also takes exception to the injunction on the grounds that installation of the chlorination/coagulation system is contrary to generally accepted engineering practices, is not supported by the evidence and will not bring Midway's water into compliance with federal water quality standards. These arguments are

convincing. Midway's engineering expert agreed during oral argument that chlorination is a necessary element of any plan for bringing Midway's water into compliance with federal standards. Moreover, Midway does not, except in vague and conclusory terms, contend that the particular chlorination system required by the injunction is not workable. On the other hand, the government submits credible evidence that implementing the steps outlined in the preliminary injunction will achieve substantial compliance with the federal standards, satisfactory as an interim measure. I find that there is a sufficient factual basis to support proceeding with the chlorination system specified in the injunction.

Substandard water continues to pose an imminent and substantial danger to the health of users. The water district argues it will endure financial difficulties and the resignation of voluntary board members if the stay is denied. This kind of economic hardship is inadequate to justify staying the preliminary injunction. *See Long v. Robinson*, 432 F.2d 977, 980–981 (4th Cir.1970) [economic injury short of complete destruction of a business rarely, if ever, grounds for stay]; *Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n*, 259 F.2d 921, 925 (D.C.Cir.1958). This is particularly true where, as here, preventable human suffering figures in the balance. *See Lopez v. Heckler* 713 F.2d 1432, 1437 (9th Cir.1983).

In view of the above, I find that Midway Heights has not met its burden of demonstrating a probability of success on the merits or that the balance of hardship tips in its favor. Nor am I persuaded that compliance with the preliminary injunction will cause it irreparable injury.

ACCORDINGLY, defendant Midway Heights' application for a stay of the preliminary injunction pending appeal is HEREBY DENIED.