Elizabeth MILLER, Judi Cochran, Cathleen Willhite, Tanya Warke, Elizabeth Van Dyken, Joanne Lewis, Deanna Thiebert, Althea Foreman, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Lonnie CARLSON, in his official capacity as Acting Director, California Department of Social Services; California Department of Social Services; Thomas Hayes, in his official capacity as Director, California Department of Finance; Louis W. Sullivan M.D., in his official capacity as Director, United States Department of Health and Human Services; United States Department of Health and Human Services, Defendants.

No. C–91–0676 SAW.

United States District Court, N.D. California.

July 25, 1991.

**1342**

Veronica Kot, Legal Aid Soc. of Alameda County, Hayward, Cal., Tanya Broder, Evelyn Frank, Legal Aid Soc. of Alameda County, Oakland, Cal., Clare Pastore, Los Angeles, Cal., for plaintiffs.

Harlan Van Wye, Deputy Atty. Gen., Oakland, Cal., George Christopher Stoll, U.S. Attorney's Office, San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

Plaintiffs are a class of California recipients of Aid to Families with Dependent Children ("AFDC") who require child care in order to participate in educational or training activities likely to assist them in securing employment and ultimately removing themselves from welfare. In a Memorandum and Order dated June 7, 1991 ("Memorandum and Order"), 768 F.Supp. 1331, this Court issued a preliminary injunction enjoining the California Department of Social Services ("DSS") from failing to provide continued child care assistance to California recipients who, due to program reductions, have been or will be terminated from the state sponsored employment and training program known as Greater Avenues to Independence ("GAIN"), but who continue to participate satisfactorily in their approved educational or training activities. The Court issued the injunction based on its conclusion that plaintiffs had shown a likelihood of success on the merits of their claim that the Family Support Act of 1988 guaranteed such child care assistance and that the balance of the hardships tipped decidedly in their favor.

Pursuant to Federal Rule of Civil Procedure 62(c), California defendants Lonnie Carlson, DDS, and Thomas Hayes move to stay the preliminary injunction pending appeal. Four considerations govern judicial discretion in ruling on this motion: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the stay applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other interested parties; and (4) where the public interest lies. *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2118, 95 L.Ed.2d 724 (1987). This standard for evaluating the desirability of a stay pending appeal is quite similar to that which the Court employed in deciding to grant the preliminary injunction. *See Lopez v. Heckler,* 713 F.2d 1432, 1435 (9th Cir.), *stay granted,* 463 U.S. 1328, 104 S.Ct. 10, 77 L.Ed.2d 1431 (1983). Although the Court carefully considered the likelihood of success on the merits and the balance of the equities in ruling on the motion for preliminary injunction, it will briefly take up defendants' arguments in favor of a stay.

Defendants make no attempt to demonstrate a likelihood of success on appeal, and for the reasons elucidated in the Memorandum and Order, the Court is convinced that they cannot. The sole justification for a stay advanced by the California defendants is the financial hardship imposed on the government by the preliminary injunction. Because of the fiscal difficulties the state is undergoing at present, defendants contend that the injunction "robs Peter to pay Paul." Defendants state that the cost of continuing to pay child care expenses for the approximately 345 persons affected by the preliminary injunction is estimated at $500,000 for the next fiscal year. Burke Decl., ¶ 6. Given limited appropriations, defendants insist that DDS will be able to comply with the injunction only if it decreases expenditures made on behalf of other AFDC recipients who remain in the GAIN program. According to defendants, at least 500 persons will have to be removed from GAIN or not brought into the program in the first place. *Id.,* ¶ 6.

The Court has already rejected that argument in considering defendants' opposition to the preliminary injunction. The obligation to fund child care assistance under the Family Support Act is separate from the obligation to fund programs like GAIN. Child care assistance is *not* a GAIN expense, and defendants provide no authority for the proposition that state or federal law requires, or even permits, the use of GAIN appropriations to underwrite the independent child care entitlement.

There is no question but that plaintiffs would endure substantial hardship if the preliminary injunction were stayed and further, that the balance of the equities is decidely in their favor. The record establishes that without the child care benefits, plaintiffs will be forced to choose between dropping out of school or forgoing basic necessities of life. Defendants do not deny the hardship a stay of the preliminary injunction would inflict upon plaintiffs. They acknowledge that at least 276 persons have ceased participating in their education and training activities due to the loss of child care benefits but would resume these activities if benefits were restored. Burke Decl., ¶ 5.

As courts have held in a myriad of cases, fiscal constraints cannot justify the state's failure to comply with its legal obligations, particular where benefits to the poor and disadvantaged are concerned. *See, e.g., Lopez*, 713 F.2d at 1435–37; *United States v. Midway Heights County Water Dist.*, 695 F.Supp. 1072, 1076 (E.D.Cal.1988); *Hurley v. Toia*, 432 F.Supp. 1170, 1176 (S.D.N.Y.), *aff'd*, 573 F.2d 1291 (2d Cir. 1977). The Court is persuaded that plaintiffs have demonstrated a likelihood of success on the merits of their claim that under the Family Support Act, they are entitled to the child care benefits they seek. As this Court has itself observed in the past, irreparable injury is unlikely where the Court has merely ordered the defendants to comply with the law. *Dellums v. Smith*, 577 F.Supp. 1456, 1458 (N.D.Cal. 1984).

Moreover, the question of where the public interest lies is closely tied to the relative hardships of the parties. The Court appreciates the difficulties inherent in securing the continued funding of various welfare programs, but the Family Support Act unequivocally "guarantees" child care for "each individual" participating in an approved education or training activity. 42 U.S.C.A. § 602(g)(1)(A)(i)(II) (West Supp. 1991). The public interest lies in enforcing that obligation without delay. "Our society as a whole suffers when we neglect the poor, the hungry, the disabled, or when we deprive them of their rights and privileges." *Lopez*, 713 F.2d at 1437. Therefore, all four considerations militate against granting a stay.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion for a stay of the preliminary injunction pending appeal is DENIED.