PHILIPP BROTHERS, INC., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 84-4-00528.

United States Court of International Trade.

June 27, 1986.

Donohue and Donohue (James A. Geraghty), New York City, for plaintiff.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, and Elizabeth C. Seastrum,

Civil Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## Opinion and Order

RESTANI, Judge:

On February 14, 1986, this court remanded to the International Trade Administration (ITA) a final determination in a section 751 annual review of a countervailing duty (CVD) order, Tariff Act of 1930, § 751, as amended, 19 U.S.C. § 1675 (1982 & Supp. II 1984), as not supported by substantial evidence. *Philipp Brothers, Inc. v. United States*, 10 CIT ——, 630 F.Supp. 1317 (1986), *appeal docketed*, No. 86–1122 (Apr. 14, 1986). The court ordered ITA to further consider and explain certain aspects of its determination. ITA has appealed that decision on the ground that plaintiff allegedly failed to exhaust its administrative remedies and requests that the court stay its remand order pending disposition of the appeal. The grant of a stay pending appeal of a remand order is discretionary. *American Grape Growers Alliance for Fair Trade v. United States*, 9 CIT ——, Slip Op. 85–104 at 4 (Oct. 7, 1985). As noted by the parties, the factors to be considered in the exercise of this discretion, like those considered in determining whether to grant a preliminary injunction, are as follows:

> (1) whether the petitioner is likely to prevail on the merits of his appeal, (2) whether, without a stay, the petitioner will be irreparably injured, (3) whether issuance of a stay will substantially harm other parties interested in the proceeding, and (4) wherein lies the public interest.

*McSurely v. McClellan*, 697 F.2d 309, 317 (D.C.Cir.1982), *cert. denied*, —— U.S. ——, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985); *see American Grape Growers*, 9 CIT at ——, Slip Op. 85–104 at 4 (citing *Timken Co. v. United States*, 4 CIT 263, 264 n. 2, 553 F.Supp. 1060, 1062 n. 2 (1982)).

Not listed among these standard factors, but of importance nonetheless, is whether the movant's appeal is subject to dismissal on procedural grounds. There is no justification for a stay pending appeal if the appeal itself cannot be heard. In opposition to the motion for a stay, plaintiff raises a legitimate challenge to defendant's ability to be heard on the merits at this time by the appellate court. The court deems it appropriate to consider this issue before an analysis of movant's four-part burden.

Appeals may be taken from final decisions of this court, 28 U.S.C. § 1295(a)(5) (1982), and from decisions, which although not final, have been certified by this court for interlocutory appeal. 28 U.S.C. § 1292(a)(1) (1982). Defendant did not seek to have the exhaustion issue certified for interlocutory appeal. Instead, defendant appealed directly to the Court of Appeals for the Federal Circuit, where it apparently intends to argue that this court's decision on the exhaustion issue is appealable as of right under the collateral order exception.

> As recently noted by the Federal Circuit, [t]he "collateral order" exception covers orders which "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen [v. Beneficial Industrial Loan Corp.]*, 337 U.S. [541,] 546 [69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949)]. To come within the exception, *an order must at a minimum "conclusively determine the disputed question," "resolve an important issue completely separate from the merits of the action," and "be effectively unreviewable on appeal from a final judgment."* *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978).

*Cabot Corp. v. United States*, 788 F.2d 1539, 1543 (emphasis added), *reh'g denied*, No. 86–729 (Fed.Cir. May 22, 1986). It is very difficult to view a decision failing to preclude review, based on lack of exhaustion of administrative remedies, as "finally determining" anything. Certainly, the issue of exhaustion of administrative reme-

dies arises often enough, and neither party has cited a case finding resolution of such an issue to be the type of separable claim which may give rise to a "collateral order." Even if we assume that the exhaustion issue has been "conclusively" determined and is "completely separate from the merits of the action," the court seriously questions whether this issue would be "effectively unreviewable on appeal from a final judgment."

Defendant argues that if this court affirms ITA's remand determination and plaintiff fails to appeal that decision, the exhaustion issue would escape appellate review.[1] The mere possibility that an issue may not be subject to review, however, does not necessarily satisfy the Supreme Court's mandate that a decision be "effectively unreviewable" as a prerequisite to application of the collateral order doctrine. To the contrary, the Supreme Court has interpreted the exception narrowly and has held it inapplicable in instances where there is only the possibility that a decision will be unreviewable. For example, in *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), the trial court's refusal to disqualify an attorney from the case was held *not* to be appealable as a final collateral order. In deciding whether the trial court's decision would be rendered "effectively unreviewable" absent an immediate appeal, the court stated that to meet this condition requires that " 'denial of immediate review *would render impossible* any review whatsoever.' " *Id.* at 376, 101 S.Ct. at 675 (emphasis added) (quoting *United States v. Ryan*, 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971)). Obviously, if the party that had unsuccessfully argued for disqualification subsequently won on the merits, the disqualification decision would not be subject to review. Yet, the Supreme Court held that there had been "no showing that [the] opportunity for meaningful review [would] perish unless immediate appeal [were] permitted." *Fire-*

*stone*, 449 U.S. at 377–78, 101 S.Ct. at 675. *Compare with Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 8–12, 103 S.Ct. 927, 932–35, 74 L.Ed.2d 765 (1983) (failure to allow immediate review of district court's stay pending state court resolution of arbitrability of claim would render the stay "entirely unreviewable" because once state court decided arbitrability issue, federal court would be bound by res judicata); *Stack v. Boyle*, 342 U.S. 1, 12, 72 S.Ct. 1, 7, 96 L.Ed. 1 (1951) (Jackson, J., concurring) (unless appeal of district court's failure to hold amount of bail excessive is heard before sentencing, district court's decision "never can be reviewed at all"); *Cohen*, 337 U.S. at 545–47, 69 S.Ct. at 1225–26 (failure to resolve through appeal before trial the right to have bond posted as security in stockholder derivative action would result in loss of the right, "probably irreparably").

During the course of any litigation in which the court decides against a party on issues separable from the merits, that party could generally argue that there is the possibility that it will prevail on the merits and thus that the separable issues *may* become "effectively unreviewable." That the Supreme Court did not intend such a broad interpretation of the "effectively unreviewable" requirement is reflected in the Court's finding in *Firestone* that the collateral order doctrine was inapplicable in that case. *See also Richardson-Merrell, Inc. v. Koller*, — U.S. —, 105 S.Ct. 2757, 2765, 86 L.Ed.2d 340 (1985) (trial court's disqualification of an attorney is not "effectively unreviewable" if denial of right to counsel of choice can be established without show of prejudice); *Coopers & Lybrand*, 437 U.S. at 469, 98 S.Ct. at 2458 (denial of certification to file class action is reviewable after final judgment); *United States v. MacDonald*, 435 U.S. 850, 861, 98 S.Ct. 1547, 1553, 56 L.Ed.2d 18 (1978) (right to speedy trial need not "be upheld prior to trial if it is to be enjoyed at all").

---

1. It is not clear to the court that under every permutation of this scenario the exhaustion issue would be unreviewable.

At oral argument, defendant cited two cases that arguably support a somewhat flexible interpretation of the "effectively unreviewable" requirement. In *Huie v. Bowen*, 788 F.2d 698 (11th Cir.1986) and *Cohen v. Perales*, 412 F.2d 44 (5th Cir. 1969), *rev'd sub nom. on other grounds, Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), the collateral order exception was applied following court ordered remand to an administrative agency where each appellate court concluded that the respective issues brought up on appeal might otherwise escape review. To the extent that these decisions stand for the proposition that the collateral order exception is applicable where there is only a theoretical possibility that the issue in question will be unreviewable, this court believes they exceed the narrow exception intended by the Supreme Court. If, on the other hand, these cases stand for the proposition that the "effectively unreviewable" requirement can be satisfied where subsequent review of the issue in question is unlikely due to special circumstances, then this interpretation may be consistent with the Supreme Court's intent. That is, when remand to an administrative agency occurs, additional factors may intervene to decrease the likelihood of review on appeal of particular types of issues.[2] Although this court does not necessarily adopt the approach to the "effectively unreviewable" requirement employed in *Bowen* and *Perales*, defendant's argument that the exhaustion issue is reviewable under the collateral order exception has enough merit that the court must consider whether plaintiff can meet its four-part burden for grant of a stay pending appeal.

The applicability of the first factor, that of likelihood of success on the merits, has been questioned where the trial court is asked to second-guess the validity of its

**2.** The likelihood of review through a subsequent appeal has been found to be sufficiently small to warrant use of the collateral order exception where the appellant is a non-party to the underlying action. *See Frazier v. Cast*, 771 F.2d 259, 262 (7th Cir.1985) (non-party attorney afforded immediate review of imposition of sanctions); *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1172 (D.C.Cir.1985) (non-party witness afforded immediate review of denial of sanctions).

A third case cited at oral argument by defendant is clearly distinguishable from the case at bar. In *Nixon v. Fitzgerald*, 457 U.S. 731, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982), the Supreme Court held the collateral order exception applicable to the district court's denial of a claim of absolute presidential immunity. Central to a grant of absolute immunity is not only protection from the consequences of a judgment against the individual, but also protection from the burden of litigation itself. *See Helstoski v. Meanor*, 442 U.S. 500, 507–08, 99 S.Ct. 2445, 2449, 61 L.Ed.2d 30 (1979) (discussing absolute immunity under Constitution's speech or debate clause); *Abney v. United States*, 431 U.S. 651, 661–62, 97 S.Ct. 2034, 2041–42, 52 L.Ed.2d 651 (1977) (discussing absolute immunity under double jeopardy clause). Thus, effective relief from a court's denial of absolute immunity can be afforded only if an immediate appeal is allowed. *See Helstoski*, 442 U.S. at 507–08, 99 S.Ct. at 2499; *Abney*, 431 U.S. at 662, 97 S.Ct. at 2041. Immediate appeal is not necessary to give effect to the doctrine of administrative exhaustion. After all, the purpose of the exhaustion rule is not to assist the agency in avoiding burdensome decision making, it is to foster consideration of issues at the administrative level in the first instance. K. Davis, *Administrative Law*, § 26:1 at 415.

The fourth and final case cited by defendant is also distinguishable from the case at bar. In *Marine Petroleum Co. v. Champlin Petroleum Co.*, 657 F.2d 1231, 1239–42 (Temp.Emer.Ct. Appl.1980), an immediate appeal was allowed of a district court's denial of a motion for dismissal of the Secretary of Energy as a party to a private action and continuing orders for the Department of Energy's (DOE's) participation in compulsory discovery. Dismissal had been sought on the ground that there was no claim for relief either by or against DOE and, as such, there was no case or controversy between DOE and the private parties to the litigation. In holding the collateral order exception applicable, the appellate court emphasized that the degree of independence of DOE's claimed right to dismissal from the underlying cause of action and the "heavy" burden of complying with the "massive" compelled discovery would "likely ... make it impossible legally and practically to provide any ultimate relief to DOE [through a subsequent appeal.]" *Id.* at 1241–42. This statement simply does not hold true in the case at bar. The exhaustion claim of ITA and plaintiff's claim on the merits here are not nearly as independent of one another as those in *Marine Petroleum*. Moreover, the court's remand order here can hardly be said to require a "massive" undertaking by ITA that "risks paralyzing the national operations" of ITA. *Id.* at 1241. See *infra* discussion of irreparable harm.

original holding. *American Grape Growers*, 9 CIT at ——, Slip Op. 85–104 at 5. The court has already ruled against defendant on the merits, and strict adherence by the trial court to the requirement of likelihood of success on the merits would, therefore, almost inevitably deprive a party of a stay pending appeal. Nonetheless, at the very least, the movant's appeal must present a serious question on the merits.[3] In view of the discussion *infra*, the court need not reach the issue of whether defendant's appeal raises a serious question.

The irreparable harm factor is the key element in deciding whether to grant a stay. The only irreparable harm that defendant alleges it will suffer if the stay is denied is of having to exert effort to comply with the remand order, despite the possibility that the Federal Circuit may ultimately hold that this court erroneously issued that order. The court cannot agree, however, that the use of ITA's resources here to conduct investigations mandated by statute, or to provide explanations sufficient to support its actions by substantial evidence, will injure the government to a degree warranting a stay. *See American Grape Growers*, 9 CIT at ——, Slip Op. 85–104 at 7. *Compare McSurely v. McClellan*, 697 F.2d 309, 317 n. 13 (D.C. Cir.1982) (litigation costs alone do not constitute irreparable injury), *cert. denied*, —— U.S. ——, 106 S.Ct. 525, 88 L.Ed.2d 457

(1985) *with Evans v. Buchanan*, 435 F.Supp. 832, 842–43 (D.Del.1977) (economic and logistic consequences of implementing a desegration plan pending appeal constituted irreparable injury). That ITA may be overworked does not in itself justify a stay and the government has offered no reason to believe that this remand order will be particularly burdensome.[4]

In balancing the harm to all parties, there is no indication that any interested party other than defendant would suffer any injury if a stay is granted. A preliminary injunction has been issued which bars liquidation of the entries in question pending the "final determination" of this litigation.[5] In addition, if plaintiff ultimately prevails on the merits, it will be able to obtain refunds of any excess deposits of estimated countervailing duties, plus interest. 19 U.S.C. § 1671f(b)(2) (1982). Thus, although the harm to defendant is minimal, the third factor is in defendant's favor. The fourth factor, however, favors plaintiff.

Stays pending appeal are "always an extraordinary remedy," *Golden Eagle Refining Co. v. United States*, 4 Cl.Ct. 622, 624 (1984) (quoting *Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees v. National Mediation Board*, 374 F.2d 269, 275 (D.C.Cir.1966)), and are "disfavored ... because they interrupt the ordinary process

---

**3.** It is noted that various circuits have adopted a flexible approach to the factors relevant to the grant of interim relief, whether for purposes of stays pending appeal or preliminary injunctions. This approach requires the movant to show irreparable harm if the relief sought is denied, and either (1) likelihood of success on the merits *or* (2) "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships decidedly tipping in [the movant's] favor." *Coca-Cola Co. v. Tropicana Products, Inc.*, 690 F.2d 312, 314–15 (2d Cir.1982); *see Telvest, Inc. v. Bradshaw*, 618 F.2d 1029, 1032–33 (4th Cir.1980) and *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843–44 (D.C. Cir.1977) (both cited with approval in *American Air Parcel Forwarding Co. v. United States*, 1 CIT 293, 298–99, 515 F.Supp. 47, 52–53 (1981)). Thus far, the Court of Appeals for the Federal Circuit has not specifically adopted this ap-

proach. *See S.J. Stile Assoc. v. Snyder*, 68 CCPA 27, 646 F.2d 522 (1981). *But cf. Zenith Radio Corp. v. United States*, 710 F.2d 806, 812 (Fed. Cir.1983) (Nies, J., concurring) (factors for preliminary injunction should be "evaluated as a whole").

**4.** If such a burden existed it might support a request for certification under 28 U.S.C. § 1292(d)(1) (1982). No certification has been sought.

**5.** Both parties have indicated that an injunction should remain in effect here until an appeal has been heard on the merits following remand and the final determination of this court, or until the opportunity to file such an appeal has lapsed. Whether or not the injunction in place continues by its own terms until such time, the court grants the parties' implicit request that the original injunction of liquidation so continue.

of judicial review and postpone relief for the prevailing party." *Dellums v. Smith,* 577 F.Supp. 1456, 1457 (N.D.Cal.1984). In the case at bar, there is a public interest in keeping the already complex CVD proceedings moving forward toward completion and avoiding additional delay occasioned by stays of the proceedings. *See* 19 U.S.C. §§ 1671a(c), 1671b(b), (c), 1675(a)(1) (1982 & Supp. II 1984) (providing time restrictions on ITA determinations during course of countervailing duty proceedings and that ITA can secure additional time on its own initiative only for "extraordinarily complicated cases"). Although it might be desirable to ease ITA's burdens, the court cannot find a public interest in allowing ITA to delay work that is required by Congress. Thus, the public interest will best be served by having the remand order complied with as issued.[6]

Defendant has demonstrated only a minimal hardship in proceeding with the remand determination. This is not sufficient either to sustain defendant's four-part burden or to satisfy a standard that allows deficiencies as to one factor to be balanced by strong showings as to other factors.[7]

Therefore, the court concludes that a stay pending appeal is not warranted in this case. Defendant's motion is denied and defendant is directed to comply with the court's remand order within 25 days of this opinion.[8]

SO ORDERED.

**6.** The court notes that the government's argument that there is a public interest in having the exhaustion issue resolved by the court of appeals is not persuasive. This court's decision on a stay neither resolves the merits of the appeal nor necessarily prevents the Court of Appeals for the Federal Circuit from going forward.

**7.** Even under the alternative approach to the four factors adopted by various circuits, *supra* note 3, defendant would not be entitled to a stay. Although there may be a fair question for litigation, the balance of hardships here does not "decidedly" tip in defendant's favor.

**8.** Defendant initially argued that a stay was necessitated by the Federal Circuit's decision in *Melamine Chemicals, Inc. v. United States,* 732 F.2d 924 (Fed.Cir.1984). According to defend-

ant, *Melamine, id.* at 934, dictates that absent a preliminary injunction to preserve the status quo *or* a final court decision on the legality of the challenged determination, liquidation must continue in accordance with ITA's determination. Defendant continues that it is the court of appeal's decision, rather than a decision of this court, which is "final" under *Melamine.* Assuming *arguendo* that this court accepts defendant's interpretation of *Melamine,* a stay would not be necessary in this case. As noted, *supra* note 5 and accompanying text, both parties agree that liquidation should be enjoined pending an opportunity for appellate review and an injunction so providing has been issued. Thus, the status quo vis-à-vis liquidation is preserved.