**CABLESTRAND CORPORATION,**
Plaintiff–Appellant,

v.

Melvin **WALLSHEIN**, Defendant/Cross–Appellant.

Melvin **WALLSHEIN**, Plaintiff/Cross–Appellant,

v.

Allan B. **WEISS**, Defendant–Appellee.

Nos. 92–1418, 92–1459.

United States Court of Appeals,
Federal Circuit.

March 8, 1993.

Charles H. Thomas, Cislo & Thomas, Long Beach, CA, was on the brief for plaintiff-appellant in No. 92–1418 and defendant-appellee in No. 92–1459.

Myron Greenspan, Brooklyn, NY, was on the brief for defendant/cross-appellant in No. 92–1418 and plaintiff/cross-appellant in No. 92–1459.

Before NEWMAN and SCHALL, Circuit Judges, and SMITH, Senior Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

This patent infringement case reaches this court upon notices of appeal and cross-appeal from the final judgment entered on May 29, 1992 by the United States District Court for the Central District of California following a bench trial. The judgment contains a "general verdict", stating the court's decision in the two consolidated cases as follows:

> The court, after careful and full examination of the evidence relating to liability, has ruled as follows:
>
> 1) That defendant Melvin Wallshein takes judgment against plaintiff Cablestrand Corporation on defendant's counterclaim and that defendant Weiss is awarded judgment on CV89–4329–RMT.

The other paragraph of the judgment relates to the damages phase of the case. The order is stamped "THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d)".

No findings of fact or conclusions of law were filed in accordance with Fed.R.Civ.P. 52(a); none are shown in the transcript or referred to on the docket sheet. The issues argued on appeal, which include patent validity, infringement, laches, estoppel, and personal liability, are not mentioned. The parts of the record provided in the Appendix show contradictory evidence adduced in four days of trial, on the many fact-dependent issues pressed during the trial.

It may be that the final judgment was entered prematurely, and that the notices of appeal prematurely divested the district court of jurisdiction. Whatever the reason, in this complex case, without findings of fact and conclusions of law, we have no basis on which to review the appealed judgment. *See Custom Accessories, Inc. v. Jeffrey–Allan Industries, Inc.*, 807 F.2d 955, 963–64, 1 USPQ2d 1196, 1200–01 (Fed. Cir.1986) (discussing need for specific findings); *Lindy Pen Co. v. Bic Pen Corp.*, 725 F.2d 1240, 1246, 226 USPQ 17, 21 (9th Cir.1984), *cert. denied*, 469 U.S. 1188, 105 S.Ct. 955, 83 L.Ed.2d 962 (1985) (remanding for finding on specific point in dispute, since district court heard testimony and assessed credibility of witnesses); *Alpha*

*Distributing Co. v. Jack Daniel Distillery*, 454 F.2d 442, 453 (9th Cir.1972) (factual findings relating to antitrust claims not sufficiently explicit to give a clear understanding of the reasons for the trial court's decision, remanded for supplemental findings), acknowledging *Seligson v. Roth*, 402 F.2d 883, 887 (9th Cir.1968) (remand not necessary when full understanding of the issues can be reached without full compliance with Rule 52(a)); *Irish v. United States*, 225 F.2d 3, 8 (9th Cir.1955) (findings of fact required).

ACCORDINGLY, IT IS ORDERED THAT:

1. The judgment entered on May 29, 1992 is vacated.

2. The case is remanded for findings of fact and conclusions of law, in accordance with Fed.R.Civ.P. 52(a).

3. The mandate to this effect shall issue forthwith.