**CAMARGO CORREA METAIS,
S.A., Plaintiff–Appellee,**

and

**Companhia Brasileira Carbureto de Calcio, Rima Electrometalurgia, S.A. and Ligas de Aluminio, S.A., Plaintiffs,**

v.

**The UNITED STATES, Defendant–
Appellee,**

and

**American Alloys, Inc., Globe Metallurgical, Inc., American Silicon Technologies (formerly Silicon Metaltech Inc.), Defendants–Appellants,**

and

**Simetco Inc., Defendant.**

No. 94–1397.

United States Court of Appeals,
Federal Circuit.

April 17, 1995.

Ryan Trainer, Roger & Wells, Washington, DC, argued for plaintiff-appellee. With him on the brief were William Silverman and Stephen J. Claeys.

Reginald T. Blades, Jr., Atty., Commercial Litigation Branch, Dept. of Justice, Washing-ton, DC, argued for defendant-appellee. With him on the brief were Frank W. Hunger, Asst. Atty. Gen. and David M. Cohen, Director.

Charles M. Darling, IV, Baker & Botts, L.L.P., Washington, DC, argued for defendants-appellants. With him on the brief were William D. Kramer and Martin Schaefermeier.

Before NIES, CLEVENGER and RADER, Circuit Judges.

CLEVENGER, Circuit Judge.

American producers of silicon metal, American Alloys, Inc., Globe Metallurgical, Inc., and American Silicon Technologies appeal from the April 29, 1994 judgment of the Court of International Trade, *Camargo Correa Metais, S.A. v. United States,* No. 91–09–00641, slip op. 94–68, 1994 WL 162558, affirming a remand determination by the International Trade Administration (ITA) in *Final Results of Redetermination Pursuant to Court Remand* (Dec. 13, 1993). For the reason set forth below, we vacate the judgment of the Court of International Trade and remand for further proceedings consistent with our holding.

I

This appeal involves a challenge by American producers of silicon metal to the actions taken by the ITA in setting dumping margins applicable to certain Brazilian producers of silicon metals who export their product into United States markets. The dumping margins initially established by the ITA ranged from 93.20% to 87.79%. *Final Determination of Sales at Less Than Fair Value: Silicon Metal from Brazil,* 56 Fed.Reg. 26,-977, 26,987 (June 12, 1991). The agency action establishing those margins was challenged in the Court of International Trade in a consolidated action brought by four Brazilian exporters. In an Order dated August 13, 1993, the Court of International Trade remanded the case to the ITA. The remand Order compelled the ITA to "explain in greater detail its allocation of annual GS & A [general, selling, and administrative] expenses to the merchandise produced during

the period of investigation" and to "recalculate said allocation if said allocation systematically overstates GS & A expenses." The ITA was also compelled to "announce a method and rationale for complying with 19 U.S.C. §§ 1677a(d)(1)(C) and 1677b(e)(1)(A) that avoids double counting but accounts for the economic reality that ICMS [Brazil's value added tax] paid on inputs to export production, and recovered from taxes otherwise due the Brazilian government, is not a cost of producing silicon metal for export in Brazil...." The ITA was ordered to report the results of the remand to the court. The August 13 Order was accompanied by an opinion of the Court of International Trade, of the same date, which stated the reasons and facts on which the Order was based. The court's judgment, as reflected in its Order and opinion, was not a final appealable order. *Cabot Corp. v. United States,* 788 F.2d 1539, 1543, 4 Fed.Cir. (T) 80, 83 (1986).

## II

On remand, the ITA reversed its initial positions regarding both the calculation of GS & A expenses and the impact of the Brazilian value added tax on the constructed value of the exported merchandise. ITA's new positions, announced in *Final Results of Redetermination Pursuant to Court Remand* (Dec. 13, 1993), produced recalculated dumping margins ranging from 65.81% to 49.83%. On December 13, 1993, the ITA reported the results of the remand to the Court of International Trade. On April 22, 1994, one of the Brazilian plaintiffs filed a motion to affirm the ITA's remand redetermination. On April 29, 1994, the Court of International Trade entered a judgment summarily dismissing the case. The judgment recited the receipt and review of the ITA's remand redetermination, and stated only that:

> IT IS HEREBY ORDERED, ADJUDGED, and DECREED: that the Remand Results filed by the Department of Commerce, International Trade Administration are affirmed in all respects, and it is further

> ORDERED, ADJUDGED, and DECREED: that since all other issues have been decided, this case is dismissed.

From this April 29 judgment the American silicon metal producers appeal to this court. Congress has vested us with jurisdiction to hear this timely appeal. 28 U.S.C. § 1295(a)(5) (1988).

## III

The subject matter of this appeal is, as is often the circumstance in antidumping cases, complicated. The complication derives from the economics involved in grasping the nuances of differing methods for measurement of GS & A expenses in hyperinflationary economies, and from predicting the various impacts of the Brazilian value added tax on various Brazilian exporters of silicon metal. Beyond these factual complications, the appeal raises significant legal issues concerning the meaning to be assigned to two provisions of the antidumping laws, 19 U.S.C. §§ 1677a(d)(1)(C) and 1677b(e)(1)(A) (1988). Furthermore, at oral argument it became evident that a ruling by this court on the merits of this case may have a significant impact on the future calculation of dumping margins for exporters from a large number of important exporting nations that employ value added taxes in their domestic revenue production operations.

The Court of International Trade has exclusive jurisdiction to review the administrative proceedings that result in the establishment of dumping margins. 28 U.S.C. § 1581(c) (1988). The Court of International Trade possesses "all the powers in law and equity of, or as conferred by statute upon, a district court of the United States." 28 U.S.C. § 1585 (1988). When reviewing an administrative action that results in ITA mandated dumping margins, the Court of International Trade sits as a trial court, in a manner similar to the United States district courts and the United States Court of Federal Claims in their review of various administrative decisions. *See, e.g., Rodriguez v. Panasiuk,* 844 F.Supp. 1033, 1036 (E.D.Pa. 1994); *McCall Stock Farms, Inc. v. United States,* 14 F.3d 1562, 1567–68 (Fed.Cir.1993). Because the Court of International Trade

enjoys exclusive jurisdiction to review the decisions of the ITA, its decisions on the occasions of such review are of significant import. Given the exclusive authority of the Court of International Trade, the expertise it develops and maintains from its exclusivity is worthy of respect. In the instances when the decisions of the Court of International Trade are either not appealed to this court or are left wholly undisturbed following appeal, those decisions are likely to "serve as valuable guides to the rights and obligations of the international trade community." *National Corn Growers Ass'n v. Baker*, 10 C.I.T. 517, 643 F.Supp. 626, 631 (1986).

The express terms of 28 U.S.C. § 2645(a) (1988) provide that "[a] final decision of the Court of International Trade in a contested civil action ... shall be supported by (1) a statement of findings of fact and conclusions of law; or (2) an opinion stating the reasons and facts upon which the decision is based." The judgment of the Court of International Trade alone does not satisfy the mandatory requirements of section 2645(a). Our holding is not exceptional. The United States Court of Customs and Patent Appeals, one of our predecessor courts, required the United States Customs Court, a predecessor court of the Court of International Trade, to comply with section 501 of the Tariff Act of 1930, the predecessor statute to 28 U.S.C. § 2645(a). *Florea & Co. v. United States*, 35 CCPA 153, 155, 1948 WL 5018 (1948). Nor is it exceptional for this court to consider *sua sponte* the issue raised by section 2645(a). *See, e.g., Cablestrand Corp. v. Wallshein*, 989 F.2d 472, 473 (Fed. Cir.1993) (vacating and remanding a district court judgment for findings of fact and conclusions of law when issue was not raised by parties on appeal).

This court cannot provide effective and meaningful appellate review of the ITA's actions in this case until we are supplied with the fruits of satisfaction of section 2645(a). Accordingly, the judgment of the Court of International Trade is vacated and the case is remanded to afford the court the opportunity to comply with the relevant statute.

No costs.

***VACATED AND REMANDED.***