Slip Op. 00 - 158

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - -x

SAVE DOMESTIC OIL, INC.,                  :

                        Plaintiff, :

            v.                    :  Court No. 99-09-00558

                                  :

UNITED STATES,

                                  :

                        Defendant.        :

                                  :
- - - - - - - - - - - - - - - - - - -x

<u>Memorandum & Order</u>

[Defendant's motion(s) for leave to appeal
 from interlocutory order of remand to
 the International Trade Administration
 denied.]


                        Dated:  November 27, 2000


     <u>Wiley, Rein & Fielding</u> (<u>Charles Owen Verrill, Jr</u>. and <u>Tim-
othy C. Brightbill</u>) for the plaintiff.

     <u>David W. Ogden</u>, Assistant Attorney General; <u>David M. Cohen</u>,
Director, Commercial Litigation Branch, Civil Division, U.S.
Department of Justice (<u>A. David Lafer</u> and <u>Lucius B. Lau</u>); and
Office of Chief Counsel for Import Administration, U.S. Depart-
ment of Commerce (<u>Robert J. Heilferty</u>), of counsel, for the de-
fendant.

     <u>White & Case</u> (<u>Carolyn B. Lamm</u> and <u>Adams C. Lee</u>) for inter-
venor-defendant Saudi Arabian Oil Company.

     <u>Shearman & Sterling</u> (<u>Thomas B. Wilner</u> and <u>Jeffrey M. Winton</u>)
for intervenor-defendants Petroleos de Venezuela, S.A. and CITGO
Petroleum Corporation.

     <u>O'Melveny & Myers LLP</u> (<u>Gary Horlick</u>) for intervenor-defend-
ants Petróleos Mexicanos, P.M.I. Comercio Internacional S.A. de
C.V., and PEMEX Exploración y Producción.


          AQUILINO, Judge:  The plaintiff commenced this case for

judicial review of <u>Dismissal of Antidumping and Countervailing</u>

Duty Petitions:  Certain Crude Petroleum Oil Products From Iraq,

Mexico, Saudi Arabia, and Venezuela, 64 Fed.Reg. 44,480 (Aug. 16,

1999), and thereafter interposed a motion for judgment on the

record compiled by the International Trade Administration, U.S.

Department of Commerce ("ITA") in regard thereto.  A hearing was

held in open court in August 2000, whereafter plaintiff's motion

was granted in slip op. 00-120[1] to the extent of

> remand[] to Commerce for contemplation of commence-
> ment of a preliminary investigation by its ITA (and
> referral for such an investigation by the ITC) in
> accordance with law . . ..  The defendant may have
> 60 days . . . for this purpose.  . . .
>
> If the result of this remand is not initiation
> of preliminary investigation(s) by the ITA (and the
> ITC), the written reasons therefor are to be filed
> with the court on or before the close of the afore-
> said 60-day period . . ..[2]

What the defendant filed with the court as that period

ended was not any such report, rather a notice of appeal to the

U.S. Court of Appeals for the Federal Circuit, accompanied by

motions styled as one "to stay the Court's order of September

19, 2000 pending appeal" and also "for extension of time in

which the Department of Commerce may respond to the court's

order of September 19, 2000".  The intervenor-defendants from

Saudi Arabia, Venezuela and México have followed defendant's

lead with their own notices of appeal and a joint Memorandum

---

[1] 24 CIT ___, 116 F.Supp.2d 1324 (2000).  Familiarity with
this decision is presumed herein.

[2] 24 CIT at ___, 116 F.Supp.2d at ___.  ITC is an acronym
used in reference to the U.S. International Trade Commission.

in Support of Motion of the United States for Stay Pending
Appeal.[3]

                                I

        Section 1295(a)(5) of Title 28, U.S.C. provides that
the Federal Circuit shall have exclusive jurisdiction of an ap-
peal from a final decision of the Court of International Trade.
This provision comports, of course, with the bedrock principle
of federal jurisprudence that the right to appeal be limited to
final decisions which end litigation on the merits.  See, e.g.,
Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 429-30 (1985);
Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373-74
(1981); Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978);
Catlin v. United States, 324 U.S. 229, 233 (1945).  But see,
e.g., Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546
(1949), referring to a

> small class [of orders] which finally determine claims
> of right separable from, and collateral to, rights as-
> serted in the action, too important to be denied review
> and too independent of the cause itself to require that
> appellate consideration be deferred until the whole
> case is adjudicated.

        Certainly, this court's September 19 opinion and or-
der, on its face, is not such a final decision or within that
"small class", nor was it intended to be.  And in such a case,

---

[3] Notices of appeal have also been filed at the last minute
by intervenor-defendants Texaco, Inc. and API Ad Hoc Free Trade
Committee as well as by BP Amoco, which intervenor-defendant ap-
parently now intends to be known as BP America, Inc.

remanding an ITA (or ITC) determination under the Trade Agree-
ments Act of 1979, as amended, for reconsideration by the partic-
ular agency, the court of appeals has enforced the principle that
an order remanding a matter to an administrative agency for fur-
ther findings and proceedings is not final and immediately
appealable.  Cabot Corp. v. United States, 788 F.2d 1539, 1542
(Fed.Cir. 1986).  See, e.g., Koyo Seiko Co. v. United States, 95
F.3d 1094, 1096 (Fed.Cir. 1996); NTN Bearing Corp. v. United
States, 74 F.3d 1204, 1206 (Fed.Cir. 1995); Floral Trade Council
v. United States, 74 F.3d 1200, 1201 (Fed.Cir. 1995); Camargo
Correa Metais, S.A. v. United States, 52 F.3d 1040, 1042 (Fed.
Cir. 1995); Badger-Powhatan, Div. of Figgie Int'l, Inc. v. United
States, 808 F.2d 823, 825 (Fed.Cir. 1986); Jeannette Sheet Glass
Corp. v. United States, 803 F.2d 1576, 1581 (Fed.Cir. 1986).
See also Mall Properties, Inc. v. Marsh, 841 F.2d 440 (1st Cir.),
cert. denied sub nom. New Haven v. Marsh, 448 U.S. 848 (1988);
Perales v. Sullivan, 948 F.2d 1348, 1353 (2d Cir. 1991); Kreider
Dairy Farms, Inc. v. Glickman, 190 F.3d 113 (3d Cir. 1999); Han-
auer v. Reich, 82 F.3d 1304, 1306-07 (4th Cir. 1996); Memorial
Hosp. Sys. v. Heckler, 769 F.2d 1043 (5th Cir. 1985); Canada Coal
Co. v. Stiltner, 866 F.2d 153 (6th Cir. 1989); Travis v. Sulli-
van, 985 F.2d 919, 921 (7th Cir. 1993); McCoy v. Schweiker, 683
F.2d 1138, 1141 n. 2 (8th Cir. 1982); Collord v. United States
Dep't of Interior, 154 F.3d 933, 935 (9th Cir. 1998); Baca-Prie-
to v. Guigni, 95 F.3d 1006, 1008-09 (10th Cir. 1996); Howell v.

<u>Schweiker</u>, 699 F.2d 524 (11th Cir. 1983); <u>Bergerco Canada v. United States Treasury Dep't</u>, 129 F.3d 189, 191-92 (D.C. Cir. 1997).  Indeed, in <u>Brother Indus. (USA), Inc. v. United States</u>, 16 CIT 789, 801 F.Supp. 751 (1992), the court reversed and remanded an ITA determination that the named plaintiff did not have standing to file a petition with the agency on behalf of the particular domestic industry, whereupon the defendant government sought to appeal immediately therefrom.  The court of appeals dismissed that attempt, <u>Brother Indus. (USA), Inc. v. United States</u>, 1 F.3d 1253 (Fed.Cir. 1993).  Its order was based, in part, upon reasoning that

> the United States may appear again before the trial court and would also be able to challenge the remand as an appellee in the event that the Court of International Trade affirms the post-remand determination and one of the private parties appeals.

1993 U.S. App. LEXIS 15463, at *12.  That is, *final* dispositions by the Court of International Trade of the results of remands to the ITA and the ITC can be, and often are, appealed to the Federal Circuit.  <u>See</u>, <u>e</u>.<u>g</u>., <u>Aimcor v. United States</u>, 154 F.3d 1375, 1378 (Fed.Cir. 1998); <u>Sears Roebuck & Co. v. United States</u>, 22 F.3d 1082, 1085 (Fed.Cir. 1994).  <u>Cf</u>. Defendant's Memorandum in Support of its Motion to Stay the Court's Order of September 19, 2000 Pending Appeal [hereinafter "Defendant's Stay Memorandum"], p. 14 ("the Government unquestionably has a right to challenge an adverse final decision rendered by this Court").

II

Notwithstanding the continuing, general disfavor of appeals from interlocutory federal-court orders, the so-called Interlocutory Appeals Act, as amended, has provided for a certain few, including to the Federal Circuit, currently in part as follows:

> (1) When . . . any judge of the Court of International Trade, in issuing any . . . interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.
>
> * * *
>
> (3) Neither the application for nor the granting of an appeal under this subsection shall stay proceedings in the Court of International Trade . . . unless a stay is ordered by a judge of the Court of International Trade . . . or by the United States Court of Appeals for the Federal Circuit or a judge of that court.

28 U.S.C. §1292(d).  As intended by Congress, these and the other provisions of section 1292 have been strictly enforced.  In fact, failure to formally petition for leave thereunder, even by the government, has been held to preclude jurisdiction over such an attempted appeal.  E.g., Stone v. Heckler, 722 F.2d 464 (9th Cir. 1983).  Moreover, according to the statute, to be appealable an interlocutory order by this court should contain a "statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion

and that an immediate appeal . . . may materially advance the ultimate termination of the litigation".

No party requested (or has requested) that the court consider inclusion of such a statement in its order at or since the time it was handed down.  Perhaps, this has been due to the inability of counsel to discern any more of a lawful basis there-for than this court was or is able to conjure.  Be this circumstance as it may, the defendant and the intervenor-defendants which appeared at the August 2000 hearing have now filed notices of appeal.

A

Defendant's Motion for Extension of Time was received on the eve of the expiration of the 60-day remand period established by the September 19th order.  The motion purports to be made pursuant to CIT Rule 6(b), which provides in part:

> (2) The motion for extension of time must set forth the . . . reason or reasons upon which the motion is based.  The motion shall be filed prior to the expiration of the period allowed for the perform-ance of the act to which the motion relates . . .; except, when for good cause shown, the delay in filing was the result of excusable neglect or cir-cumstances beyond the control of the party.
>
> (3) No disposition shall be made until the court acts upon the motion for extension of time.

The sole reason given for the motion is

> so that this Court and, if need be, the United States Court of Appeals for the Federal Circuit may consider the defendant's motion to stay the Court's order of September 19, 2000 pending appeal.

In accordance with the foregoing rule, this court has long warned counsel, including those representing the Department and Secretary of Commerce, that the rule's dictate is

> that motions for extension of time, which require prompt attention, be made far enough in advance of deadlines so as to afford the court at least some time within the litigants' periods to perform to decide them.  Otherwise, parties like the defendants herein could automatically extend the time mandates of Congress and this Court of International Trade.

Internor Trade Inc. v. United States, 10 CIT 472, 473 (1986) (footnote omitted).  In again not complying correctly with this rule, while attempting at the same time to divest this court of jurisdiction via the filing of a notice of appeal, the defendant hardly leaves the undersigned now in a position to amend a material element of the September 19th order from which appeal has been sought.

B

When final judgments and orders are properly appealed, CIT Rule 62 provides jurisdiction limited to stay of any related enforcement proceedings.  Defendant's motion for a stay purports to be made pursuant to Rule 62(d), but that subsection and the other parts of that rule are predicated upon a final judgment or appealable order, granting or denying, for example, a preliminary injunction.

Since this is not the case here, defendant's attempted reliance on the rule cited is inapposite, making its motion in

essence one for leave to appeal now to the Federal Circuit, if
not simply for greater delay in resolving plaintiff's petition
for relief in accordance with law.  Given the strict standards
for perfection of such interlocutory appeals, as established by
Congress in 28 U.S.C. §1292 and enforced by the federal courts
of appeals nationwide, <u>supra</u>, this court is not in a position
to grant defendant's motion.  <u>See</u>, <u>e.g</u>., <u>Philipp Bros., Inc. v.
United States</u>, 10 CIT 448, 449, 640 F.Supp. 261, 262 (1986)
("There is no justification for a stay pending appeal if the
appeal itself cannot be heard").

(1)

Assuming arguendo that the defendant has commenced
a lawful appeal from the September 19th order, its motion for
a stay recites the standards that must be satisfied before such
related equitable relief can attach, to wit:

> . . . (1) [W]hether the stay applicant has made a
> strong showing that he is likely to succeed on the
> merits; (2) whether the applicant will be irreparably
> injured absent a stay; (3) whether issuance of the stay
> will substantially injure the other parties interested
> in the proceeding; and (4) where the public interest
> lies.

<u>Hilton v. Braunskill</u>, 481 U.S. 770, 776 (1987). <u>See</u>, <u>e.g</u>., <u>Stand-
ard Havens Prods., Inc. v. Gencor Indus., Inc</u>., 897 F.2d 511, 512
(Fed.Cir. 1990).  But the motion fails to provide facts that
might support the requested extraordinary interim relief.  It
is almost exclusively an adumbration of "substantial legal ques-

tions"[4] which the facts and circumstances of this case arguably have given rise to, but which were known to the parties originally at the ITA, before they came to court, and before slip op. 00-120 issued, discussing them in further detail.  There is no showing that the agency has taken[5], or will take, any steps to lend its expert assistance to the court in reaching the just, speedy, and inexpensive final determination of this case required by CIT Rule 1.  Engendering this perception, the defendant, at a minimum, should have announced its current stance sooner.  Now, it is clearly not in compliance with either the letter or the spirit of the September 19th order.  Hence, there do not appear to be any proceedings, actual or imminent, the stay of which might somehow better preserve the defendant's right to articulate on appeal its view of the underlying law.

With regard to the established procedure for consideration of a motion for a stay pending appeal, supra, this and other courts have required that all four elements favor an applicant for such relief to be granted but also that

> [w]hen harm to [the] applicant is great enough, a
> court will not require "a strong showing" that [the]

---

[4] Defendant's Stay Memorandum, pp. 6, 7, 9, 11, 12, 13, 20.

[5] See, e.g., id. at 14 ("if Commerce responds to the Court's order by initiating antidumping or countervailing duty investigations") and at 15 ("if Commerce responds . . .") and at 17 ("Commerce may respond to the remand order by commencing antidumping and/or countervailing duty investigations (a result specifically contemplated by slip opinion 00-120)").

> applicant is "likely to succeed on the merits" . . .
> provided the other factors militate in [it]s favor.

Earth Island Inst. v. Christopher, 20 CIT 1389, 1397, 948 F.Supp.
1062, 1069 (1996), quoting Standard Havens Prods., Inc. v. Gen-
cor Indus., Inc., 897 F.2d at 513 (emphasis in original), in turn
citing Hilton v. Braunskill, supra.

Here, the government reaffirms that, in a case such
as this, the public interest "is best served by ensuring that
Commerce complies with the law and interprets and applies laws
and regulations correctly."  Defendant's Stay Memorandum, p. 19,
citing Neenah Foundry Co. v. United States, 24 CIT ___, ___, 86
F.Supp.2d 1308, 1317 (2000).  Accord: Plaintiff's Response Memo-
randum, p. 4.  With regard to the third prong of the controlling
test quoted above, the court can also concur with the defendant,
at least to the extent that it cannot foresee at the moment how
a stay would exacerbate whatever injury the plaintiff consortium
of independent domestic crude petroleum oil producers may have
been suffering at the time of the filing of its petition for
relief with the ITA (and ITC) given the world-crude-oil-market
trend since then.

Indeed, this trend, and the underlying global dynamics
of that market, make the representation at bar by the intervenor-
defendants from México, Venezuela and Saudi Arabia barely believ-
able, to wit:

>       If not stayed, according to the leading expert,
> th[e court's] order will significantly threaten the
> ability of the subject countries to continue supplying
> crude oil to the United States which, in turn, will
> seriously disrupt supply to the U.S. market and "cause
> havoc in the market place and immediate substantial
> harm to U.S. interests."

Intervenor-Defendants' Memorandum in Support of Motion of the United States for Stay Pending Appeal, p. 2, referring to and quoting PIRA Energy Group, The "Dumping" Case and Oil Market Risks, p. 6 (Nov. 2000).  On its part, the government, whatever its current position *vis-à-vis* the Organization of Petroleum Exporting Countries and those other national and multinational crude-oil producers that seemingly follow in the cartel's wake, makes no such reference to the state of the market in its claim of irreparable injury absent an immediate stay.  Rather, the defendant simply states:

>       . . . Specifically, in the absence of a stay, the
> Government may lose its statutory right to obtain
> judicial review of slip opinion 00-120.

Defendant's Stay Memorandum, p. 13.  But of course, given the traditional, lawful process for appellate review referred to above, this alleged concern is all but baseless, nor could it or should it be otherwise.

Finally, while the defendant claims to be of the view that this court's remand to the ITA for contemplation of commencement of a *preliminary* investigation, or report thereon in

the absence thereof, gives rise to "substantial legal questions", the court is definitely unable to conclude, as <u>Hilton v. Braunskill</u>, <u>supra</u>, requires, that the defendant "has made a strong showing that [it] is likely to succeed on the merits".  On the contrary, as set forth in slip op. 00-120, the intent of Congress in enacting and amending the Trade Agreements Act of 1979, the statute resulting from continuing legislative refinement, and the ITA's consistent preliminary investigative approach in more than one thousand administrative proceedings initiated thereunder are surely much more compelling in this regard.

III

In light of the foregoing, defendant's motions for an extension of time and for a stay pending appeal must be, and each hereby is, denied. Furthermore, given the facts and circumstances of this case, the court is unable to conclude that the defendant is attempting to proceed in good faith as opposed to in further delay of final determination of plaintiff's prayer for relief if not in contempt.

So ordered.

Dated:  New York, New York
        November 27, 2000

_____
                                Judge