Slip Op. 01 - 94

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - -x
SAVE DOMESTIC OIL, INC.,
                                        :
                        Plaintiff,
                                        :
            v.
                                        :
UNITED STATES,                          :   Court No. 99-09-00558

                        Defendant,      :

            -and-                        :

API AD HOC FREE TRADE COMMITTEE <u>et</u>   :
<u>alia</u>,
                                        :
            Intervenor-Defendants.
                                        :
- - - - - - - - - - - - - - - - - - - -x

<u>Memorandum & Order</u>


                              Dated:  August 6, 2001

     Wiley, Rein & Fielding (<u>Charles Owen Verrill, Jr</u>. and <u>Timothy C. Brightbill</u>) for the plaintiff.

     <u>Stuart E. Schiffer</u>, Acting Assistant Attorney General; <u>David M. Cohen</u>, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (<u>A. David Lafer</u> and <u>Lucius B. Lau</u>); and Office of Chief Counsel for Import Administration, U.S. Department of Commerce (<u>Robert J. Heilferty</u>), of counsel, for the defendant.

     Dewey Ballantine LLP (<u>Harry L. Clark</u>, <u>Michael H. Stein</u>, <u>Bradford L. Ward</u> and <u>John W. Bohn</u>) for intervenor-defendant API Ad Hoc Free Trade Committee.

     <u>White & Case</u> (<u>Carolyn B. Lamm</u>, <u>Adams C. Lee</u> and <u>David L. Elmont</u>) for intervenor-defendant Saudi Arabian Oil Company.

     <u>Shearman & Sterling</u> (<u>Thomas B. Wilner</u>, <u>Jeffrey M. Winton</u> and <u>Jeronimo Gomez del Campo</u>) for intervenor-defendants Petroleos de Venezuela, S.A. and CITGO Petroleum Corporation.

     <u>O'Melveny & Myers LLP</u> (<u>Gary N. Horlick</u> and <u>Michael A. Meyer</u>) for intervenor-defendants Petróleos Mexicanos, P.M.I. Comercio Internacional S.A. de C.V., and PEMEX Exploración y Producción.

King & Spalding (Joseph W. Dorn and Duane W. Layton) for intervenor-defendant Texaco Inc.

Barnes, Richardson & Colburn (Robert E. Burke, Brian F. Walsh and Robert F. Seely) for intervenor-defendant BP Amoco.

AQUILINO, Judge:  On November 27, 2000, this court, in denying defendant's motion(s) for leave to appeal from its inter-locutory order of remand to the International Trade Administration, U.S. Department of Commerce ("ITA"), per slip opinion 00-158, was

> unable to conclude that the defendant [wa]s attempting to proceed in good faith as opposed to in further delay of final determination of plaintiff's prayer for relief if not in contempt.

24 CIT ___, ___, 122 F.Supp.2d 1375, 1381.  Indeed, on August 3, 2001, the defendant served and filed a Second Motion for Extension of Time in which The Department of Commerce May Respond to the Court's Order of September 19, 2000, appended to which is an order of the U.S. Court of Appeals for the Federal Circuit dated July 31, 2001 and holding that the attempted appeal and concomitant motion for a stay of this court's order by the defendant, as well as by intervenor foreign and multinational oil companies, was baseless.

The interlocutory order in question issued pursuant to slip opinion 00-120, 24 CIT ___, 116 F.Supp.2d 1324 (2000), familiarity with which is presumed herein.  It stated:

> This case is hereby remanded to Commerce for contemplation of commencement of a preliminary investiga-tion by its ITA (and referral for such an investigation by the [International Trade Commission] ITC) in accord-ance with law . . ..  The defendant may have 60 days from

the date hereof for this purpose.  To the extent, in the exercise of its sound discretion during that time, the agency determines to reconsider its analysis of any of the threshold issues raised by the petition, including the nature of SDO's domestic product *vis-à-vis* that of other domestic producers and support for, and opposition to, the petition on the part of domestic producers and workers, the ITA may call upon the interested parties to supplement the record, and also upon the U.S. Departments of Labor and of Energy for relevant, publicly-available data not yet part of the record.  If the stated opposition of the API Ad Hoc Free Trade Committee is still sought to be taken into account, the agency is hereby directed to consider the facts and circumstances of the business of each Committee company, standing on its own, including most necessarily that particular company's imports of crude petroleum oil from Iraq, México, Saudi Arabia or Venezuela.

If the result of this remand is not initiation of preliminary investigation(s) by the ITA (and the ITC), the written reasons therefor are to be filed with the court on or before the close of the aforesaid 60-day period, whereupon the parties hereto may have 30 days to serve and file comments thereon, with any replies thereto due within 15 days thereafter.

24 CIT at ___, 116 F.Supp. at 1343.  In other words, the initial deadline set by slip opinion 00-120 was November 20, 2000.

The defendant did not comply with the foregoing order, nor has it yet done so.  Rather, its current motion (for further delay -- until August 10, 2001), represents that,

[a]t this time, an extension . . . is warranted to allow the current Assistant Secretary for Import Administration an opportunity to adequately and faithfully respond to the Court's remand order.  During the original 60-day period in which the Court instructed Commerce to conduct its remand, that agency's staff undertook the analysis contemplated in this Court's opinion and order.  However, the current Assistant Secretary was only nominated in February 2001 and confirmed in May 2001.  Thus, he has not had an opportunity to review this Court's opinion and

the staff's analysis in order to make an appropriate determination. A brief extension of time of seven days would allow the Assistant Secretary sufficient time to render a reasoned and thoughtful decision.

If this representation genuinely reflects a change in the administering authority within the meaning of the Trade Agreements Act of 1979, as amended, in the aftermath of the 2000 presidential election, defendant's motion can be granted. However, neither this motion, nor anything else on the record of this case to date, dispels the above-quoted inability of the court to conclude that the defendant has not been dilatory and contemptuous. Indeed, this court has long warned the ITA and its counsel that they are not at liberty to ignore a remand order, "whether or not subject to further judicial review." Smith Corona Corp. v. United States, 13 CIT 96, 100, 706 F.Supp. 908, 912 (1989), aff'd in pertinent part, 915 F.2d 683 (Fed.Cir. 1990).

Ergo, while the defendant may have until the close of business on Friday, August 10, 2001, within which to respond to the above-quoted, outstanding order of the court dated September 20, 2000[1], the defendant is also hereby directed to appear before the undersigned in courtroom 3 at 11 a.m. on that day to show cause, if there be any, why it should not be formally cited and sanctioned for contempt of court, commencing on or about November 20, 2000.

---

[1] The amount of time for comments on whatever the defendant deigns to submit, and for replies thereto, shall remain as set forth in that order.

The Clerk forthwith shall enter on the docket this memorandum and order and notify all parties to this case thereof before the close of business today.

It is so ordered.

Dated:  New York, New York
        August 6, 2001

 

_____
                                        Judge

Slip Op. 01-94 *Erratum*


Save Domestic Oil, Inc. v. United States
<u>Court No. 99-09-00558</u>


"September 20," in the third line of the second full paragraph on page 4 should be September *19*,


Dated:  New York, New York
        August 7, 2001